GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)
Danielle L. Manning (SBN 313272)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

GREENSTONE LAW APC
Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160
E-mail: mgreenstone@greenstonelaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JAIME LOO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, USA, INC., a California corporation,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1)  Violations of California Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*);<br><br>(2)  Violations of Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et. seq.*);<br><br>(3)  Breach of Implied Warranty Pursuant to California Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1792 and 1791.1, *et seq.* and Cal. Comm. Code § 2314; |

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

(4)  Breach of Express Warranty (Cal. Com. Code § 2313);

(5)  Breach of Written Warranty and Implied Warranty Pursuant to Magnuson-Moss Warranty Act, (15 U.S.C. § 2301 *et seq.*); and,

(6)  Fraudulent Omission.

**<u>DEMAND FOR JURY TRIAL</u>**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# I.  **INTRODUCTION**

1.     Plaintiff Jaime Loo ("Plaintiff") brings this action individually and on behalf of all similarly situated persons in the United States ("Class Members") who purchased or leased a 2018 Toyota Camry ("Class Vehicles") that was designed, manufactured, distributed, marketed, sold, and leased by Defendant Toyota Motor Sales, USA, Inc. ("Defendant" or "Toyota").  Plaintiff alleges as follows upon personal knowledge as to himself and his experience, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.     Beginning in 2017, if not before, Defendant knew that the Class Vehicles contain one or more defects that cause, among other things, rough or delayed shifting, significantly delayed acceleration, hesitation, loss of power, and/or jerking ("Transmission Defect").

3.     The Transmission Defect has been documented to occur without warning during vehicle operation and poses an extreme and unreasonable safety hazard to drivers, passengers, and pedestrians.  Numerous Class Vehicle owners have reported a significant delay in the Class Vehicles' response while attempting to accelerate from a stop and/or while cruising in situations that require the ability to accelerate rapidly (*e.g*., merging on to the highway, changing lanes, etc.).   Other Class Vehicle owners have reported jerking, shaking, lurching, hesitation, and/or engine revving associated with delayed acceleration.  One vehicle owner complained to the National Highway Traffic Safety Administration ("NHTSA" as follows (NHTSA ID No. 11129619):[1]

---

[1]  Spelling and grammatical errors in consumer complaints reproduced herein remain as found in the original.

THE 2018 TOYOTA CAMRY SE HAS A MAJOR ISSUE WITH DELAYED ACCELERATION THAT IMPACTS THE SAFETY OF THE VEHICLE. THE CAR'S 8-SPEED TRANSMISSION HAS TROUBLE SELECTING THE PROPER GEAR WHEN THE DRIVER NEEDS TO ACCELERATE AFTER DECELERATION. FOR EXAMPLE, IMAGINE DRIVING STEADY AT 40 MPH BEFORE DECELERATING TO AN INTERSECTION FOR A TURN, MAKING THE TURN, THEN PRESSING THE GAS AGAIN TO ACCELERATE. WHEN PRESSING THE GAS AGAIN TO ACCELERATE IN THIS SCENARIO, THE CAR STRUGGLES TO SELECT THE PROPER GEAR AFTER THE DOWNSHIFT FROM 40 MPH CAUSING THE VEHICLE TO PAUSE (NO ACCELERATION) FOR 3 SECONDS BEFORE VERY ROUGHLY CYCLING THROUGH TWO OR THREE GEARS BEFORE THE PROPER GEAR IS SELECTED. BOTH MY WIFE AND I EXPERIENCE THIS WHILE DRIVING THE CAR AND OFTEN FEEL VULNERABLE AND STUCK AS TRAFFIC MUST BRAKE UNEXPECTEDLY BECAUSE THE CAMRY WILL NOT SIMPLY SELECT A GEAR AND MOVE WHEN THE GAS IS PRESSED. ALSO, WHEN THE CAMRY FINALLY DOES MOVE, THERE IS NO PREDICITNG HOW MUCH ACCELERATION THE DRIVER WILL EXPERIENCE. **THIS CAUSES SAFETY CONCERN FOR BOTH GETTING REAR-ENDED WHILE THE CAMRY WON'T ACCELERATE, AND ALSO SAFETY CONCERN FOR REAR-ENDING SOMEONE ELSE WHEN THE CAMRY UNPREDICTABLY ACCELERATES.** THE TOYOTA DEALER HAS DONE NOTHING TO FIX THIS AND STATES IT IS WORKING AS DESIGNED BECAUSE NO ERROR CODES ARE THROWN. THE TOYOTA DEALER DID ACKNOWLEDGE THAT THE 8-SPEED TRANSMISSIONS ARE NEW TO TOYOTA AND

THEY HAVE MAJOR ISSUES WITH THE 8-SPEED
TRANSMISSION…

(emphasis supplied).

4.     Plaintiff is informed and believes, and based thereon alleges, that Defendant knew the Class Vehicles were defective and not fit for their intended purpose of providing consumers with safe and reliable transportation at the time of sale or lease and thereafter.  Defendant has actively concealed the true nature and extent of the Transmission Defect from Plaintiff and the other Class Members, and failed to disclose it to them, at the time of purchase or lease and thereafter.  Had Plaintiff and prospective Class Members known about the Transmission Defect, they would not have purchased or leased the Class Vehicles or would have paid less for them.

5.     Plaintiff is informed and believes, and based thereon alleges, that despite notice of the Transmission Defect from, among other things, pre-production testing, numerous consumer complaints, warranty data, and dealership repair orders, Defendant has not recalled the Class Vehicles to repair the Defect, has not offered its customers a suitable repair or replacement free of charge, and has not offered to reimburse all Class Vehicle owners and leaseholders the costs they incurred relating to diagnosing and repairing the Transmission Defect.

6.     Toyota knew of and concealed the Transmission Defect that is contained in every Class Vehicle, along with the attendant dangerous safety problems and associated repair costs, from Plaintiff and the other Class Members both at the time of sale and repair and thereafter.  As a result of their reliance on Defendant's omissions and/or misrepresentations, owners and/or lessees of the Class Vehicle have suffered ascertainable loss of money, property, and/or loss in value of their Class Vehicle.

## II.   **PARTIES**

A.   **Plaintiff Jaime Loo**

7.      Plaintiff Jamie Loo is a California citizen who lives in Corona, California.  Mr. Loo leased a 2018 Toyota Camry from Toyota of Riverside in Riverside, California, in or about December of 2017.  Prior to leasing his vehicle, Mr. Loo spoke with the dealer sales representative about the vehicle, inspected the "Monroney" sticker posted on the side of the vehicle and test drove the vehicle.  Mr. Loo was never informed by the dealer sales representative that his vehicle suffered from the Transmission Defect and relied upon this fact in leasing his vehicle.  Had Mr. Loo been informed that his vehicle suffered from the Transmission Defect, he would not have leased it.  Mr. Loo acquired his vehicle for personal, family or household purposes.  Mr. Loo's vehicle was designed, manufactured, sold, distributed, advertised, marketed and warranted by Toyota.

8.      In about December of 2018 Mr. Loo brought his vehicle to Toyota of Riverside to complain of problems he was experiencing, including delayed acceleration when taking off from a stop and when attempting to speed-up while in motion, accompanied by excessive revving/jerking when the car does engage. Toyota of Riverside kept Mr. Loo's vehicle for three days and test drove it approximately 45 miles.  Toyota of Riverside thereafter informed Mr. Loo that it was operating normally and offered no repairs or maintenance to address Mr. Loo's concerns.  Following this visit, Mr. Loo's vehicle continues to experience the Transmission Defect.  As described in further detail herein, further repair attempts would have been futile given Defendant's steadfast refusal to acknowledge the Transmission Defect and provide an adequate remedy.

9.      At all times, Mr. Loo has driven his vehicle in a foreseeable manner and in the manner in which it was intended to be used.

**B.    Defendant**

10.    Defendant, Toyota Motor Sales, USA, Inc. is a California corporation with its principal place of business located at 6565 Headquarters Dr, Plano, Texas 75024 and doing business in California and throughout the United States.

11.    On information and belief, Defendant is responsible for the design, manufacture, distribution, marketing, sale and lease of the Class Vehicles.

12.    Whenever, in this Complaint, reference is made to any act, deed or conduct of Defendant, the allegation means that Defendant engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of the Defendant.

### III.    JURISDICTION

13.    This is a class action.

14.    This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interest and costs.  There are more than 100 Class Members.  At least one Class Member is a citizen of a different state that the Defendant.

15.    This Court has personal jurisdiction over Defendant because it is a California corporation registered to conduct business in California, has sufficient minimum contacts with California, and otherwise intentionally avails itself of the markets within California, through the promotion, sale, marketing and distribution of its vehicles in California, so as to render the exercise of jurisdiction by this Court proper and necessary.

## IV.   VENUE

16.    Venue is proper in this District because substantial part of the acts and omissions alleged herein took place in this District, as Plaintiff acquired and had his Class Vehicle serviced in this District, and the Class Vehicles were and are regularly advertised, marketed, sold/leased and serviced in this District through Defendant's network of dealers.   Plaintiff's counsel's Declaration of Venue, to the extent required under California Civil Code section 1780(d), is attached hereto as Exhibit 1.

## V.   FACTUAL ALLEGATIONS

17.    Upon information and belief, Toyota has sold, directly or indirectly through dealers and other retail outlets, many thousands of Class Vehicles in California and throughout the United States.

18.    The Transmission Defect causes rough or delayed shifting, significantly delayed acceleration, hesitation, loss of power, and/or jerking in during the Class Vehicles operation.   The Transmission Defect presents a safety hazard that renders the Class Vehicles unreasonably dangerous to consumers because of its impact on the Class Vehicle's driveability.

### B.    Toyota's Pre-Sale Knowledge of the Transmission Defect

19.    Plaintiff is informed and believes, and based thereon alleges, that Toyota became aware of the Transmission Defect prior to Plaintiff's acquisition of his Class Vehicle through sources not available to Plaintiff and Class Members, including, but not limited to: pre-production testing, pre-production design failure mode and analysis data, production design failure mode and analysis data, early consumer complaints made exclusively to Toyota's network of dealers and directly to Toyota, aggregate warranty data compiled from Toyota's network of dealers, testing conducted by Toyota in response to

consumer complaints, and repair order and parts data received by Toyota from Toyota's network of dealers.

20.　During the pre-release process of designing, manufacturing, engineering, and testing the Class Vehicles which would necessarily have taken place prior to 2018, Toyota, directly and/or through its agents or affiliated companies in the supply chain, necessarily would have gained comprehensive and exclusive knowledge about the Class Vehicles' transmission, including, but not limited to: performance under various operating conditions (*e.g.*, shift quality, acceleration and deceleration response, etc.); the basic engineering principles behind the transmission design; the forces and stresses the transmission would face; when and how the transmission would experience performance problems or fail; and, the cumulative and specific impacts on the transmission caused by wear and use, the passage of time, driver habits, environmental factors, etc.

21.　An adequate pre-release analysis of the design, manufacturing, engineering and testing of the transmission used for the Class Vehicles would have revealed to Toyota that the Class Vehicles' transmission does not operate properly and is not fit for its intended use. Thus, during the pre-release design stage of the Class Vehicles, Toyota would have known that the transmission in the Class Vehicles was defective and would pose a safety risk to owners/lessees and the motoring public.

22.　Upon information and belief, Toyota also would have known about the Transmission Defect because of the higher than expected number of warranty repairs attempted and replacement components ordered from Toyota, which should have alerted Toyota that the transmission was defective.　Upon information and belief, Toyota service centers use Toyota replacement parts that they order directly from Toyota, and all warranty repair attempts are logged into

a centralized database to which Toyota has access. Therefore, Toyota would have detailed and accurate data regarding the number and frequency of replacement part orders and warranty repair attempts. The ongoing high number of warranty repair attempts and sales of replacement parts was known to Toyota, and would have alerted Toyota that its transmissions were defective and posed a safety risk early on.

23. Upon information and belief, Toyota also knew about the Transmission Defect because numerous consumer complaints regarding transmission problems were made directly to Toyota. The large number of complaints, and the consistency of their descriptions of transmission problems alerted Toyota to this serious Defect affecting the Class Vehicles. The full universe of complaints made directly to Toyota about the Transmission Defect is information presently in the exclusive possession, custody and control of Toyota and is not yet available to Plaintiff prior to discovery. However, upon information and belief, many Class Vehicle owners complained directly to Toyota and Toyota dealerships and service centers about the repeated transmission problems their vehicles experienced.

24. Technical Service Bulletins ("TSBs") quietly issued by Toyota to its dealers evidence its pre-sale knowledge of the Transmission Defect as well as the continuing nature of the problem.

25. By way of example, on December 11, 2017, Defendant issued TSB No. 0330-17 titled "Shift Shock on Initial Startup or Reacceleration" applicable to 2018 Camrys. A copy of TSB 0330-17 is attached hereto as Exhibit 2. This TSB states in relevant part:

> Introduction
> Some 2018 model year Camry vehicles may exhibit a
> shift shock from Park to Reverse on initial startup or

delay/shock when reaccelerating quickly after slowing down to a stop or near stop. The Engine Control Module (ECM) (SAE term: Powertrain Module [PCM]) logic has been updated to address this condition. Follow the Repair Procedure below to address this condition.

On information and belief, TSB 0330-17 fails to resolve the Transmission Defect.

### B.    Example Consumer Complaints

26.    Hundreds, if not thousands, of purchasers and lessees of the Class Vehicles have experienced the Transmission Defect.

27.    The following example complaints filed by consumers with the NHTSA, which on information and belief Toyota actively monitored during the relevant period, demonstrate that the Transmission Defect is widespread and dangerous:

- <u>NHTSA ID No. 11012898 (August 4, 2017)</u>:   WHEN I'M TAKING OFF IT TAKES A FEWS SECONDS BEFORE IT CATCHES SPEED. EVEN IF I'M PUSHING DOWN PRETTY MUCH ON THE WAY DOWN ON THE GAS PEDAL IT TAKES A WHILE BEFORE IT CATCHES SPEED. CARS BEHIND ME START PASSING ME. ALSO, MY BIGGEST CONCERN IS WHEN I'M MERGING INTO THE FREEWAY AND I'M TRYING TO CATCH SPEED IT WONT SPEED UP UNTIL A FEW SECONDS SO I GET NEVER THAT I'M TOO FAR IN AND A CAR BEHIND ME MIGHT HIT ME BECAUSE IT DOESN'T CATCH SPEED RIGHT AWAY AND ONCE IT CATCHES SPEED IT GOES EXTREMELY FAST BECAUSE I'M PUSHING SO FAR DOWN ON THE PEDAL BECAUSE IT DOESN'T CATCH IT RIGHT AWAY. I'VE GOTTEN SCARED OF FEW TIMES. I REALLY THINK SOMETHING DEFECTED WITH THIS CAR. AS MUCH AS I LOVE THE BODY OF THE CAR, THE SPEED CONTROL IS A REAL PROBLEM. I REALLY HOPE SOMEONE LOOKS

INTO THIS. IT'S WHEN I'M STOPPED AND ON THE FREEWAY.

- NHTSA ID No. 11040851 (October 29, 2017): VEHICLE GAS THROTTLE RESPONSE WOULD HESITATE WOULD BE A LAG OF FEW SECONDS FOR VEHICLE TO PICK UP SPEED SLOW THROTTLE RESPONSE, ALSO I TOTALED MY VEHICLE DUE BRAKES MALFUNCTION ALSO VEHICLE BRAKE ASSYST DID NOT ASSYST ME IN ANY WAY OR PREVENTED ME FROM ACCIDENT I WAS TRAVLING 35 TO 55MPH IN TRAFFIC STOP AND GO SLOW LANE

- NHTSA ID No. 11054478 (December 13, 2017): I PURCHASED MY VEHICLE ABOUT I MONTH A GO THE PROBLEM IS WHEN I SLOW DOWN TO AROUND 5 MPH AND THEN HIT THE GAS TO GO AGAIN THE CAR PICKS UP SPEED SUPER SLOWLY AND IT I HIT THE ACCULTURATOR HARD THE TRANSMISSION JERKS REALLY HARD ALMOST LIKE SOMEONE IS HITTING ME FROM THE BACK , I TOOK IT TO TOYOTA THEY KEEP SAYING THE CAR IS JUST FINE . WORST CHOICE EVER IAM NEVER BUYING TOYOTA AGAIN I DROVE A 2015 CAMRY MUCH BETTER THEN THE SHIT 2018 CAMRY THEY SAID IT'S BETTER BUT I SAY IT'S CHEAPER AND PROBABLY WON'T BE AS RELIABLE AS IT'S OLDER VERSION.. IT SUCK TO DRIVE IN THE CITY , ALSO THE ENGINE IS SUPER LOUD .

- NHTSA ID No. 11063797 (January 19, 2018): HESITATION/LAGGING ISSUES AT BOTH HIGH AND LOW SPEEDS- HESITATES BOTH WHILE DRIVING AND WHILE TAKING OFF FROM A STOPPED POSITION - SHIFTS ARE HORRIBLE THE CAR JERKS A LOT- IN CRUISE CONTROL GOING 70-75 MPH JERKS HARD, WITH NO CARS IN FRONT OF IT. ACCELERATION IS HORRIBLE SO MUCH SO, THAT WE ALMOST GET REAR ENDED WHEN TRYING TO MERGE WITH TRAFFIC. THIS STARTED A WEEK AFTER I PURCHASED THIS IN JULY-

JAN 13 WE WERE ALMOST IN AN ACCIDENT TO CAR NOT ACCELERATING AND JERKING

- <u>NHTSA ID No. 11065982 (January 31, 2018)</u>: THE TRANSMISSION CLUNKS WHEN THE LOWER FORWARD TRANSMISSION GEAR ENGAGES WHEN ACCELERATING ON TO THE HIGHWAY. THIS TRANSMISSION DEFECT CAN ALSO BE DESCRIBED AS A THUD THAT GIVES THE DRIVER THE IMPRESSION THE CAMRY TRANSMISSION WILL FAIL SHOULD THE DRIVER CONTINUE TO APPLY PRESSURE ON THE ACCELERATOR PEDAL.

- <u>NHTSA ID No. 11074222 (February 22, 2018)</u>: I'VE HAD THIS VEHICLE FOR ABOUT 4 MONTHS NOW. THE FIRST MONTH I NOTICED THERE IS SOMETHING WRONG WITH THE WAY THIS NEW VEHICLE ACCELERATES. WHEN STOPPED AND STARTING MOVEMENT AGAIN THE VEHICLE SUDDENLY JERKS AND DOES NOT SPEED UP RIGHT AWAY. THE JERKING PART IS MY MAIN SAFETY CONCERN. I HAVE PREVIOUSLY OWNED OTHER TOYOTA MODELS AND NO OTHER MODEL HAS DONE THIS. I'M AFRAID SOMEONE WILL REAR END MY DUE TO THE SUDDEN JERKING AND THEN DELAYED RESPONSE OF THE VEHICLE TO ACCELERATE. IT IS ESPECIALLY DISTRESSING AT INTERSECTION LIGHTS, OFF RAMPS, AND STOP SIGNS. ANYWHERE REQUIRED TO STOP OR SLOW MOVEMENT AND THEN NEED TO ACCELERATE EVEN AT A MODERATE PACE. SOMETHING JUST IS NOT RIGHT.

- <u>NHTSA ID No. 11074305 (February 22, 2018)</u>: THE CAR HAS ACCELERATION/SPEED PROBLEMS. THE CAR HAS ONLY 200 MILES, TOOK IT IN TE HIGHWAY AND TAKES TOO LONG TO REACH HIGHWAY SPEED. IT RARELY REACHES AND STAYS AT LOWER SPEED. LIKE OTHERS IT SEEMS THIS CAMRY WILL HAVE A LOT REAR-END ACCIDENTS DUE TO THE LACK OF SPEED PERFORMANCE. I FEEL SCARE TO DRIVE THIS CAR, TOO DIFFICULT TO CHANGE LANES, TOO DIFFICULT

TO KEEP UP WITH TRAFFIC. IF CARS ARE APPROACHING AT HIGHWAY SPEED AND YOU ARE CHANGING LINES YOU MORE THAN LIKELY WILL END UP REAR- END. IT TOOK ME TWO AND A HALF HOURS TO COMPLETE A 1 HOUR TRIP DUE TO LACK OF SPEED, CAR NOT RESPONDING AND FEAR OF GETTING REAR-END BY OTHER CARS WHO WERE HURNING BECAUSE CAR WOULDN'T SPEED UP. CAR IS TOO UNSAFE. I DON'T KNOW WHAT HAPPENED TO TOYOTA. WORST CAR EVER.

- NHTSA ID No. 11074996 (February 26, 2018): I PURCHASED BRAND NEW 2018 CAMRY SE NOVEMBER 2017 ABOUT A WEEK AFTER PURCHASE I NOTICED THE CAR SHIFTS INTO GEAR ROUGHLY AND JERKS A LOT WHEN DRIVING SIMILAR TO DRIVING A MANUAL TRANSMISSION CAR SO I ATTEMPTED TO CONTACT THE SALESMAN WHO SOLD ME THE CAR ONLY TO GET THE RUNAROUND ABOUT WHO TO TALK TO FINALLY WHEN I TOOK MY CAR IN THEY CHECKED ALL 20 SOMETHING COMPUTERS ON THE CAR AND SAID THEY SAW NO ERRORS BEING REPORTED WENT FOR A TEST DRIVE NOTHING SO THEY SENT ME ON MY WAY CAR WAS STILL DOING THE SAME THING SO I TRIED A DIFFERENT TOYOTA DEALER LEFT THE CAR ALL DAY THEY CHECKED SYSTEMS SAID IT WAS UPDATED AND THAT I PROBABLY NEED TO DRIVE THE CAR MORE SO IT CAN GET ACCLIMATED WITH MY DRIVING SO I HAD THIS CAR FOR 3 MONTHS AND IT STILL DOES THE SAME THING HESITATION WHEN STEPPING ON THE GAS, REVS UP PRETTY HIGH BEFORE SWITCHING GEARS, HARD SHIFTS INTO GEARS, AND JERKING EXCESSIVELY THIS CAR SO FAR HAS BEEN A NIGHTMARE IM VERY UNSATISFIED WITH MY NEW CAR PURCHASE

- NHTSA ID No. 11078969 (March 13, 2018): 2018 CAMRY XSE V6 - IF THE CAR IS NOT FULLY WARMED UP AND YOU ACCELERATE FROM A STOP, THE SHIFT FROM 1ST TO 2ND GEAR IS VERY ROUGH. IT IS MORE

PRONOUNCED IF YOU ARE ACCELERATING UP A HILL. THE ONLY WAY TO GET RID OF THE ROUGH 1ST TO 2ND GEAR SHIFT BEFORE THE CAR IS FULLY WARMED UP IS TO APPLY EXCESSIVE THROTTLE.

- NHTSA ID No. 11080318 (March 20, 2018): I LEASED A LOW END CAMRY 6 MONTHS AGO. SINCE THEN I HAVE EXPERIENCED THE FOLLOWING PROBLEM ABOUT 20 TIMES. WHEN SLOWING TO A STOP USUALLY ON A SLIGHT UPGRADE THE ENGINE RPMS INCREASE FROM THE 600 VALUE AT IDLE TO ABOUT 2200. THIS OCCURS IN A SPEED RANGE OF 0 TO 5 MPH. FORTUNATELY I HAVE MY FOOT ON THE BRAKE WHEN IT HAS HAPPENED AND GENERALLY AM NOT CLOSE TO THE CAR IN FRONT OF ME SO I AM ABLE TO HOLD THE CAR WITH THE FOOT BRAKE BUT GENERALLY NEED TO SHUT DOWN THE ENGINE TO ELIMINATE THE HIGH RPM AND WHEN RESTARTING ALL IS BACK TO NORMAL. I HAVE HAD THE CAR AT THE DEALERS 3 TIMES AND ALL IS "WELL" BASED ON THE COMPUTER DIAGNOSTICS. I SUSPECT A SOFTWARE PROBLEM IN THE COMPUTER BUT THAT FALLS ON DEAF EARS.

- NHTSA ID No. 11082116 (March 30, 2018): THE POWERTRAIN IS VERY ROUGH AT LOW SPEED. WHEN PEDAL IS PUMPED SLOWLY THE GEAR CHANGES WITH A THUD AND JERKING. THIS FEELS WORSE THAN A MANUAL GEAR CAR. THE CAR DROVE AROUND 7500MILES. COMPLAINT THE DEALERSHIP AND THEY NOTIFIED IT MAY BE DUE TO CAR COMPUTER ISSUE.

- NHTSA ID No. 11083232 (April 4, 2018): THE TRANSMISSION IN THE 2018 XSE V6 IS JUNK. IT IS JERKY ON ACCELERATION (LIKE DRIVING A MANUAL TRANSMISSION) AND WHEN SHIFTING FROM 1ST TO 2ND THE SHIFTS ARE HARD, AND CLUNKY. EVEN WORSE WHEN COLD. WHEN COMING TO A STOP, THE SHIFT FROM 2ND TO 1ST HAPPENS WITH A HUGE THUD. HAD DEALER TAKE A LOOK AND THEY TOLD ME NOTHING WAS WRONG AFTER HOOKING IT UP TO

THEIR COMPUTERS. PRETTY DISAPPOINTED IN THE WAY THIS BRAND NEW CAR DRIVES. MAJOR HESITATIONS WHEN ACCELERATING. CAUSES ENTIRE CAR TO JERK UNTIL THE MOTOR SMOOTHS OUT. THIS LOYAL TOYOTA OWNER FOR OVER 30 YEARS IS STRONGLY THINKING ABOUT SWITCHING BRANDS. 5K MILES ON CAR.

- NHTSA ID No. 11092567 (May 8, 2018): CAR IS HESITATING/SLUGGISH WHEN ACCELERATING FROM A STOP/ROLLING STOP. TAKES FOREVER TO GET TO HIGHWAY SPEEDS, WHICH IS EXTREMELY DANGEROUS. WHEN THERE IS TRAFFIC ON A HIGHWAY, CHANGING LANES INTO A LANE IN WHICH TRAFFIC IS GOING FASTER IS EXTREMELY HARD DUE TO FEAR BEING REAR-ENDED. CAR STRUGGLES TO GET FROM 0-45 AND WILL ONLY DO SO WHEN THE ACCELERATOR IS STEPPED DOWN ALL THE WAY. TRANSMISSION SHIFTS ARE VERY JERKY. SEEMS LIKE THE TRANSMISSION DOESN'T KNOW WHAT GEAR TO BE IN 90% OF THE TIME. ALL THESE SYMPTOMS APPEAR TO BE IN ONLY THE 4 CYLINDER MODEL OF THE 2018 CAMRYS.

- NHTSA ID No. 11094049 (May 15, 2018): THE 2018 TOYOTA CAMRY IS HAVING A PROBLEM SHIFTING AND ALLOWING THE CAR TO INCREASE SPEED. THE CAR CONSTANTLY JERKS WHEN YOU TRY TO MOVE AND SOMETIMES WHEN YOU'RE SITTING IT STILL JERKS. IT'S LIKE THE TRANSMISSION IS MISSING A SHIFT OR SOMETHING.

- NHTSA ID No. 11096794 (May 18, 2018): 2018 TOYOTA CAMRY HAS BAD TRANSMISSION SINCE THE 1 ST WEEK OF HAVING THIS CAR IT HAS BEEN GIVING ME PROBLEMS IT SLAMS INTO GEAR SOMETIMES, IT HESITATES WHEN STEPPING ON THE GAS LIKE IT DOESN'T KNOW WEATHER TO GO OR NOT IT JERKS LIKE IT CANT FIND WHICH GEAR TO GO INTO THE CAR IS REALLY BAD AND I CANT SEEM TO GET ANY HELP

FROM TOYOTA THEY TOLD ME TO KEEP DRIVING MAYBE THE CAR NEEDS TO GET USE TO MY DRIVING. THEY TOLD ME ITS A 4 CYLINDER THAT'S HOW THEY DRIVE. THEY TOLD ME I SHOULD DRIVE IT MANUAL MODE. IM JUST FED UP .

- NHTSA ID No. 11097333 (May 22, 2018): THE CAR KEEPS JUMPING FORWARD, IT CAN'T DECIDE WHEN IT WANTS TO SHIFT UP. WHEN STARTING FROM A STOP, OR DRIVING AND TRYING TO ACCELERATE, THE CAR TAKES OVER 5 SECONDS TO REALLY 'TAKE' AND REALIZE YOU ARE PUSHING ON THE GAS. ALL IT DOES IS REV, A LOT.

- NHTSA ID No. 11097879 (May 25, 2018): WHEN THE CAR IN THE LOW SPEED AROUND 20 MILES/HOUR AND THE ENGINE AROUND 2000RPM, THE TRANSMISSION IS WIRED TRYING TO FIND SPECIFIED GEAR, MAKE THE CAR SPEED INCREASED AND DECREASED, IT LIKE JERK                    THE                    CAR.

  ANOTHER PROBLEM IS WHEN YOU TRYING TO SPEED UP CATCH UP CARS SPEED FROM LOWER SPEED ON HIGHWAY, PRESS THE GAS PEDAL, THE CAR JUST LIKE THINKING THE LIFE PHILOSOPHY THE RPM REACH 4000 THE CAR SUDDENLY SPEED UP.

- NHTSA ID No. 11098076 (May 26, 2018): TRANSMISSION IS FEELING VERY JERKY AFTER 5000 MILES. HOLDING ON TO LOW GEARS WAY TOO LONG. I'M DOING 40 MPH AND THE RPM IS OVER 3500. THE TRANSMISSION SEEMS TO KEEP MISSING GEARS. CONSTANTLY DOWNSHIFTING. MILEAGE HAS SURPRISINGLY GONE DOWN. EVEN ON THE HIGHWAY WHEN IM DOING 65+ ITS STRUGGLING TO FIND GEARS AND KEEPS DOWNSHIFTING

- NHTSA ID No. 11099058 (May 31, 2018): TL* THE CONTACT OWNS A 2018 TOYOTA CAMRY. WHILE DRIVING APPROXIMATELY 25 MPH, THE VEHICLE STARTED TO SHIFT GEARS VERY ROUGHLY AND THEN

CAME TO A COMPLETE STOP. THE ACCELERATOR PEDAL WAS DEPRESSED, BUT THE VEHICLE FAILED TO ACCELERATE. THE CONTACT STATED THAT THE FAILURE OCCURRED EVERYDAY SINCE THE VEHICLE WAS PURCHASED THREE MONTHS AGO. THE VEHICLE WAS TAKEN TO DAYTONA TOYOTA (451 N NOVA ROAD ,DAYTONA BEACH, FLORIDA 32114) TWICE, BUT THE FAILURE WAS UNABLE TO BE DUPLICATED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE VEHICLE WAS NOT REPAIRED. THE APPROXIMATE FAILURE MILEAGE WAS 2,000.

- NHTSA ID No. 11098994 (May 31, 2018): THIS CAR ONLY HAS 120 MILES ON IT, BUT THE PROBLEM HAS BEEN PRESENT SINCE I TOOK DELIVERY. UPON INITIAL ACCELERATION FROM A DEAD STOP, THERE IS A LONG DEAD ZONE IN THE ACCELERATOR LEADING TO POOR THROTTLE RESPONSE. IT'S HARD TO TELL WHEN THE VEHICLE IS GOING TO BEGIN MOVING. ONCE MOVING, THE TRANSMISSION JUMPS IN AND OUT OF VARIOUS GEARS, AND THE CAR CAN'T DECIDE WHICH GEAR TO USE. IT ALSO SLAMS IN AND OUT OF SOME GEARS WITH NO CONSISTENCY. IT SEEMS LIKE A PROGRAM ISSUE, BUT IT NEEDS TO BE HANDLED VERY SOON OR THIS TRANSMISSION MAY NOT LAST 10-20K MILES.

- NHTSA ID No. 11100321 (June 7, 2018): NEW 2018 CAMRY SE WITH 458 MILES, 4 CYLINDER/8 SPEED AUTOMATIC TRANSMISSION. CAR HESITATES WHEN ACCELERATING AND CANNOT SEEM TO FIND THE CORRECT GEAR. MOST NOTICEABLE BETWEEN 1ST AND 3RD GEARS. ALSO, DYNAMIC BRAKING SUPPORT PUT ME IN A DEAD STOP AS I WAS TRYING TO DEPART THE LANE TO AVOID A FRONT AND REAR END COLLISION. I HAD ALREADY APPLIED ENOUGH MANUAL BRAKE BUT WANTED TO QUICKLY ACCELERATE OUT OF THE LANE TO CREATE SPACE. THIS AUTOMATIC DEAD STOP DUE TO THE DYNAMIC BRAKING SYSTEM WAS A SCARY SURPRISE THAT NEARLY CAUSED A PILE UP. TOYOTA NEEDS TO RECOGNIZE THESE ISSUES.

- <u>NHTSA ID No. 11101557 (June 13, 2018)</u>: TOYOTA CAMRY XLE V6 HAS TRANSMISSION ISSUES. FIRST 5000 MI SERVICE HAS ALREADY BEEN COMPLETED. CAR CURRENTLY HAS ~8K MILES AND HAS NOT IMPROVED. (1) FIRST GEAR DOES NOT SHIFT SMOOTHLY TO SECOND. CAR JOLTS DURING THIS SHIFT. ISSUE IS WORSE WHEN THE CAR IS COLD, BUT CAN BE REPRODUCED EVEN WHEN IT IS WARMED UP. (2) TRANSMISSION TAKES A LONG TIME TO DOWNSHIFT AFTER ACCELERATOR IS PRESSED. SEEMS TO BE VERY CONFUSED IN PICKING THE RIGHT GEAR. (3) TRANSMISSION IS TOO EAGER TO DOWNSHIFT WHEN ACCELERATOR IS NOT PRESSED AND CAR IS SLOWING DOWN. THIS RESULTS IN ROUGH JOLTS AS THE CAR IS SLOWING DOWN OR BRAKING.

- <u>NHTSA ID No. 11102223 (June 15, 2018)</u>: 2018 CAMRY 8 SPEED AUTOMATIC TRANSMISSION HAS DOWNSHIFTING PROBLEMS. THIS INVOLVES A DELAY IN DOWNSHIFTING THAT I HAVE FOUND ON 3 OCCASIONS COULD HAVE BEEN DANGEROUS. UPON COMPLETING A TURN AND REAPPLYING GAS PEDAL THE CAR APPEARED TO BE IN NEUTRAL OR STUCK BETWEEN GEARS. I HAD A DEAD GAS PEDAL FOR 3 OR 4 SECONDS. ON 1 OCCASION I COULD HAVE BEEN INVOLVED IN A REAR END COLLISION IF THE OTHER DRIVER HADN'T REALIZED SOMETHING WAS WRONG AND SWERVED TO AVOID MY CAR. I CURRENTLY HAVE LEMON LAW COMPLAINT FILED WITH THE STATE ATTORNEY GENERALS OFFICE INVOLVING THIS CAR AND IT'S TRANSMISSION.

- <u>NHTSA ID No. 11104918 (June 30, 2018)</u>: THE CAR HAS ACCELERATION/SPEED PROBLEMS. IT TAKES TOO LONG TO ACCELERATE WHEN CHANGING LANES, PASSING OTHER VEHICLE, OR ENTERING FREEWAY. THIS ISSUE IS GOING ON ALL AND EVERY TIME I DRIVE IT. I PURCHASED THE CAR ONE MONTH AGO. THIS IS MY 5TH CAMRY AND I NEVER HAD THIS PROBLEM.

CAR IS UNSAFE AND IM SCARED TO DRIVE. TOYOTA, DO SOMETHING BEFORE SOMEONE DIES!!!!!!!!!!. I ALMOST GOT REAR-ENDED COUPLE OF TIMES

- NHTSA ID No. 11104946 (July 1, 2018): 4-CYLINDER XSE HAS SIGNIFICANT ACCELERATION DELAY AFTER DEPRESSING THE PEDAL; THIS IS ESPECIALLY APPARENT WHEN ACCELERATING FROM A ROLLING STOP AT APPROXIMATELY 15-25 MPH. OCCASIONALLY, THE GEAR WILL ALSO SHIFT ABRUPTLY WHEN ACCELERATING FROM 15-25 MPH, CAUSING THE CAR TO LURCH FORWARD SUDDENLY. THIS IS DANGEROUS; IF THERE IS A CAR IN FRONT OF YOU, THERE IS A HIGH CHANCE OF CAUSING A REAR END ACCIDENT.

- NHTSA ID No. 11111444 (July 15, 2018): VEHICLE HAS ISSUES WITH TRANSMISSION. THERE ARE TIMES WHEN THE CAR CAN'T SEEM TO DECIDE WHAT GEAR TO PICK AND WHEN TO ENGAGE IT RESULTING IN A SECOND OR TWO OF DEAD ACCELERATION. ONCE VEHICLE DECIDES WHAT TO DO, IT SENDS AN EXCESSIVE AMOUNT OF POWER TO THE WHEELS WITH UNINTENDED ACCELERATION RATES. THIS MOST COMMONLY HAPPENS WHEN SLOWING FOR A YIELD AND THEN GOING, STOP AND GO TRAFFIC, AND PASSING ON THE HIGHWAY. FUEL ECONOMY IS ALL OVER THE PLACE AS WELL, MOST LIKELY DUE TO POOR                                        TRANSMISSION.

  THIS HAS BEEN AN ISSUE SINCE CAR WAS FIRST BOUGHT IN NOVEMBER 2017....HAS NEARLY 8000 MILES AS OF JULY 18 AND STILL AN ISSUE.

- NHTSA ID No. 11112518 (July 20, 2018): AFTER TAKING DELIVERY OF THE VEHICLE I NOTICED THAT THE VEHICLE ACCELERATES VERY POOR AND WHEN THE VEHICLE WAS SET ON CRUISE CONTROL IT WOULD DROP SPEED FOR NO REASON.

- NHTSA ID No. 11113467 (July 24, 2018): THIS HAPPENED TO THE VEHICLE REPEATEDLY AND UNDER 1000 MILES ON THE ODOMETER. UPON ACCELERATION THE CAR HESITATES AND AFTER A FEW SECONDS IF WILL FINALLY GO WITH A JERKING TO THE PASSENGERS. IT ALSO HAS A PROBLEM ACCELERATING ON THE HIGHWAY, IT SEEMS TO LACK THE POWER TO PASS ANYONE WHEN IN TRAFFIC. AT APPROXIMATELY 75 MILES PER HOUR THE CAR BEGAN TO SHAKE ALSO. WHEN MOVING INTO DIFFERENT GEARS THE CAR WOULD ALSO FEEL AS IF IT WERE JERKING INTO GEARS. SEEMS TO BE WORSE ON COLD STARTS BUT WAS DEFINITELY STILL A PROBLEM AFTER DRIVING AND HAVING TIME TO WARM UP.

- NHTSA ID No. 11115696 (August 4, 2018): WHEN DRIVING THE CAR ON CITY STREETS AND HIGHWAYS THE CAR HESITATES FEELS LIKES THE TRANSMISSION IS SLIPPING OR THE CAR IS HAVING TROUBLE SHIFTING AT SOME POINTS THE CAR SHIFTS REALLY HARD CAUSING A WHIP LASH EFFECT, THE CAR NORMALS DOES THIS AT ABOUT ANYWHERE FROM 45 MILES PER HOUR UP TO 70 MILES PER HOUR. AT HIGHER SPEEDS SUCH AS 92 MILES PER HOUR TO BE EXACT THE CAR CONTINUES TO JUST HESITATE NON STOP AS IF IS STRUGGLING TO GO THAT SPEED?

- NHTSA ID No. 11118432 (August 8, 2018): I BOUGHT 2018 CAMRY LE THE PROBLEM IS JERKEY SHIFTS FROM THE TRANSMISSION, AND SOMETIMES IS DOSEN'T ACCELERATE FROM A SLOW DOWN IF YOU ARE MERGING ON THE HIGHWAY. THIS CAN BE A BIG RISK BECAUSE IT DOESN'T GO WHEN IT THE GAS AFTER A FEW SECONDS ITS KICKS AND GOES REALLY FAST AND YOU DONT EVEN KNOW HOW FAST IT WILL GO ALSO THE TRANSMISSION IS SUPER JURKEY IN CITY TRAFFIC. SOMETIME IF YOU PUT THE ACCELERATION IT DOESN'T MOVE FORWARD WE AND OTHER TIMES ITS ACCELERATION IS TOO FAST AND YOU CAN CRASH WITH THE CAR IN FRONT OF YOU. ALSO THE GAS PEDAL IS REALLY STIFF AND IF YOU DRIVE FOR A

LONG TIME YOUR FEET AND LEG GETS REALLY SORE FROM APPLYING SO MUCH PRESSURE TO THE GAS PEDAL.

- NHTSA ID No. 11118842 (August 9, 2018): THE TRANSMISSION DOES NOT SHIFT PROPERLY, AND HESITATES. WHEN NEEDING TO MAKE A SUDDEN ACCELERATION, THE VEHICLE ROLLS SEVERAL SECONDS BEFORE ACCELERATING. I ALMOST GOT HIT SEVERAL TIMES

- NHTSA ID No. 11118859 (August 9, 2018): I'VE HAD THIS 2018 TOYOTA CAMRY SINCE MAY 23, 2018 & I NOTICED NOT EVEN A WEEK LATER THAT THIS CAR HAS A PROBLEM ACCELERATING. I CONTACTED THE SALESMAN, THE SERVICE MANAGER, & THE SALES MANAGER & THEY ALL BEEN GIVING ME THE RUN AROUND. THE SERVICE MANAGER TOLD ME MY CAR WAS SLUGGISH, BUT TOLD THE CUSTOMER SERVICE REP THEY COULDN'T FIND ANYTHING WRONG WHEN THEY PUT THE CAR ON THE MACHINE WHICH IS A LIE. I LITERALLY HAVE TO MASH THE GAS DOWN HARD AND PRAY IT GOES. THERE'S DEFINITELY SOMETHING WRONG WITH THIS TRANSMISSION & THEY WAY IT ACCELERATES. AT THIS MOMENT IT SEEMS AS IF THEY DON'T CARE. I'M REALLY STRESSED & DISSATISFIED ABOUT HOW THEY ARE HANDLING THIS.

- NHTSA ID No. 11120836 (August 18, 2018): SOMETIMES WHEN ACCELERATING FROM A STOP, THE ENGINE SEEMS TO HAVE A SLIGHT HESITATION. THIS IS VERY CONCERNING BECAUSE YOU COULD INADVERTENTLY PULL OUT IN FRONT OF ANOTHER DRIVER AND CAUSE AN ACCIDENT BECAUSE THE CAR WOULDN'T ACCELERATE PROPERLY. THIS NEEDS TO BE INVESTIGATED BEFORE IT HARMS SOMEONE.

- NHTSA ID No. 11123295 (August 29, 2018): TL* THE CONTACT OWNS A 2018 TOYOTA CAMRY. WHILE DRIVING APPROXIMATELY 5 MPH, THE VEHICLE SURGED FORWARD AND ACCELERATED

INDEPENDENTLY WITHOUT DEPRESSING THE ACCELERATOR PEDAL. THE VEHICLE THEN DECELERATED AND THE CONTACT DEPRESSED THE BRAKE PEDAL TO BRING THE VEHICLE TO A COMPLETE STOP. IN ADDITION, THE VEHICLE STALLED AS THE MOTOR REVVED. THERE WERE NO WARNING INDICATORS ILLUMINATED. THE VEHICLE WAS TAKEN TO TOYOTA OF GRAND RAPIDS (2555 28TH ST SE, GRAND RAPIDS, MI 49512, (877) 703-5930) WHERE IT WAS DIAGNOSED THAT A NEW SOFTWARE PROGRAM UPDATE WAS NEEDED. THE VEHICLE WAS REPAIRED; HOWEVER, THE FAILURE RECURRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE AND DID NOT ASSIST. THE APPROXIMATE FAILURE MILEAGE WAS 275.

- NHTSA ID No. 11123378 (August 30, 2018): 1. WHILE STATIONARY WITH FOOT ON BREAK THE VEHICLE STARTS TO ROLL FORWARD REQUIRING MORE AND MORE BREAK PRESSURE. BRAKE PEDDLE WILL SLOWLY FADE TO FLOOR. 2. WHILE AT HIGHWAY SPEED 65 MPH ATTEMPTING TO CHANGE LANES AFTER DECELERATION OR BREAKING THE ENGINE WILL RUNAWAY OVER 5,000 RPM CAUSE A LONG DELAY IN SPEAD INCREASE WHICH CAN BE CRUCIAL FOR MATCHING TRAFFIC FLOW. RESULT IS POTENTIAL FOR COLLISION FROM REAR.

- NHTSA ID No. 11127940 (September 6, 2018): TL* THE CONTACT OWNS A 2018 TOYOTA CAMRY. THE CONTACT STATED THAT THE VEHICLE EXPERIENCED UNINTENDED ACCELERATION, EVEN WHEN THE ACCELERATOR PEDAL WAS NOT DEPRESSED. THERE WAS ALSO A LACK OF ACCELERATION WHEN ATTEMPTING TO MERGE, ABNORMAL SHIFTING, AND THE VEHICLE STALLED. IN ADDITION, THE ODOR OF ANTI-FREEZE FILLED UP THE CABIN. THE FAILURES OCCURRED WITHOUT WARNING. THE VEHICLE WAS TAKEN TO TOYOTA GRAND RAPIDS (LOCATED AT 2555 28TH ST SE, GRAND RAPIDS, MI) WHERE THE FAILURES

WERE CONFIRMED, BUT COULD NOT BE REMEDIED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURES. THE FAILURE MILEAGE WAS APPROXIMATELY 250.

- NHTSA ID No. 11128728 (September 11, 2018): WHEN THE VEHICLE STARTS AND IS STATIONARY, IT IDLES TOO HIGH OR IT STUDDERS WHILE IDLING. WHEN DRIVING AROUND 60 MPH TO 64 MPH WHEN SHIFTING GEARS FROM HIGH TOO LOW SPEEDS IT ALSO JERKS ABRUPTLY. IT ALSO DOES THIS WHEN I AM SLOWING DOWN TO LOWER SPEEDS AND WHEN I PUT IT IN DRIVE FROM REVERSE OR PARK TO REVERSE IT JERKS/JUMPS REALLY BADLY. SINCE OWNING THIS CAR, I BOUGHT IT BRAND NEW NO MILES, A WHELL BARRING HAS HAD TO BE REPLACED AS WELL.

- NHTSA ID No. 11130986 (September 24, 2018): TL* THE CONTACT OWNS A 2018 TOYOTA CAMRY. WHILE OPERATING THE VEHICLE, THE TRANSMISSION SHIFTER WOULD ERRATICALLY DOWNSHIFT AND UP SHIFT, AND THE ENGINE RPMS WOULD REV VERY HIGH. WHILE PULLING INTO A PARKING SPACE, THE VEHICLE SUDDENLY ACCELERATED AND CRASHED INTO A SECOND VEHICLE. THERE WERE NO INJURIES AND A POLICE REPORT WAS NOT FILED. THE VEHICLE WAS TAKEN TO THE LOCAL DEALER (TOYOTA OF GRAND RAPIDS, 2555 28TH ST. SE, GRAND RAPIDS MI) AND THE TRANSMISSION WAS REPROGRAMMED, BUT THE FAILURES CONTINUED. IN ADDITION, WHILE OPERATING THE VEHICLE WITH THE AIR CONDITIONER ACTIVATED, THE WINDOWS INSIDE THE VEHICLE WOULD FOG UP AND CREATE A VISIBILITY HAZARD. THE CAUSE OF THE FAILURES WAS NOT DIAGNOSED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURES. THE FAILURE MILEAGE WAS 1,000.

- NHTSA ID No. 11131091 (September 24, 2018): "TAKATA RECALL" . I BOUGHT BRAND NEW TOYOTA CAMRY SE

2018 FROM THE TOYOTA DEALER FOR TAXI IN NEW YORK CITY. I DRIVE IN NEW YORK CITY AND SOMETIME GO TO OUT OF TOWN UP TO 150 MILES. ON MY FIRST 10000 MILES MAINTENANCE , I TOLD THE DEALER THAT WHEN I DRIVE, CAR JERKING/BREAKING THE SPEED OR SAY HESITATION AFTER DRIVE FEW MILES. I FEEL SUDDENLY THE SPEED START IS JERKING/BREAKING THE SPEED FOR FEW SECONDS AND THEN COME BACK IN REGULAR SPEED. EVEN MY LEG IS AT THE ACCELERATE CONTINUES. ON MY COMPLAINT, THE DEALER TECHNIC DROVE THE CAR AND HE REPORTED THAT AT PRESENT TIME HE DID NOT FIND ANY PROBLEM. I THINK, HE LIED. I DID REPORTED TO TOYOTA AND THEY OPEN THE CASE. THEY GOING TO CHECK ON MY NEXT                                         MAINTENANCE.

BECAUSE OF JERKING/BREAKING OR SAY HESITATION, I FEEL MIGHT CAR SUDDENLY STOP IN HIGHWAY OR ANY WHERE. I DROVE OVER 1500 DIFFERENT CARS IN LAST OVER 33 YEARS IN MY LIFE AND NEVER SEE THIS KIND OF PROBLEM IN PAST. I DO SEE TOYOTA CAMRY 2018 HAVE LOT OF NEW FEATURE AND USE NEW TECHNIQUE BUT SOMEHOW THIS JERKING/BREAKING OR SAY HESITATIONS DURING DRIVING IN ANY SPEED NOT GOOD. NEED TO INVESTIGATE AND FOUND WHY THIS HAPPENED.

- NHTSA ID No. 11139220 (October 9, 2019): TL* THE CONTACT OWNS A 2018 TOYOTA CAMRY. WHILE DRIVING VARIOUS SPEEDS, THE VEHICLE WOULD NOT IMMEDIATELY ACCELERATE WHEN THE ACCELERATOR PEDAL WAS DEPRESSED. THE CONTACT STATED THAT THE FAILURE USUALLY OCCURRED WHILE MAKING A TURN. THE VEHICLE ALSO EXPERIENCED UNINTENDED ACCELERATION. THE FAILURES WERE NOT DIAGNOSED OR REPAIRED. AN UNKNOWN DEALER AND THE MANUFACTURER WERE NOTIFIED OF THE FAILURES, BUT NO

ASSISTANCE WAS OFFERED. THE FAILURE MILEAGE WAS 2,000. THE VIN WAS INVALID.

- **NHTSA ID No. 11139570 (October 10, 2018):** WHILE TRAVELING AT HIGHWAY SPEEDS WITH THE CRUISE CONTROL SETUP, THE VEHICLE WILL SLOW DOWN SUDDENLY WITHOUT WARNING. THERE ARE NO VEHICLES IN FRONT OF THE VEHICLE WHEN THIS HAPPENS.

- **NHTSA ID No. 11140148 (October 13, 2018):** IT SEEMS THAT THE TRANSMISSION IS NOT WORKING RIGHT...THE CAR CAN'T DECIDE WHEN TO ACCELERATE AND KEEPS JUMPING THROUGH...THIS HAPPENS FROM A STOP OR WHILE YOU'RE DRIVING..I TRIED TO ACCELERATE AND CAR WAS "DECIDING" TO MOVE FORWARD OR NOT...IT CAN HAPPEN IN MOTION, STATIONARY, TURNING....I DON'T FEEL SAFE AT ALL DRIVING MY 7 MONTHS 2018 TOYOTA CAMRY....DEALER SOLUTION=NONE...THEY JUST SAY THE COMPUTER IS NOT SHOWING ANYTHING WHILE I HAVE TO BE WORRIED ABOUT THE CAR...

- **NHTSA ID No. 11140521 (October 15, 2018):** I TRIED TO CROSS A BUSY HIGHWAY AND THE CAR HESITATED FOR 2 OR 3 SECONDS BEFORE BEGINNING A VERY SLUGGISH ACCELERATION THAT PUT ME IN DANGER OF BEING HIT BY ONCOMING HIGH SPEED TRAFFIC. IT HAS DONE THIS TWICE, AND THE SECOND TIME I PUSHED THE ACCELERATOR TO THE FLOOR FOR SEVERAL SECONDS WITH NO RESPONSE. IN BOTH INSTANCES THE CAR WAS GOING ABOUT 3 MPH WHEN I ATTEMPTED TO ACCELERATE. THE INTERNET IS LOADED WITH HUNDREDS OF COMPLAINTS ABOUT THIS PROBLEM.

- **NHTSA ID No. 11140554 (October 16, 2018):** HI I RECENTLY PURCHASED A 2018 TOYOTA CAMRY IN SEPTEMBER WITH 7,000 MILES ON IT AND NOW IT HAS ALMOST 8,000 MILES ON IT. AFTER 1 WEEK OF PURCHASE I AM

HAVING SOME PROBLEMS ESPECIALLY WITH THE ENGINE AND TRANSMISSION. ENGINE BECAUSE I AM FEELING A LOSE OF POWER WHEN ACCELERATING AND NOT SMOOTH WHEN DRIVING ALSO IT IS NOISY WHEN YOU START THE CAR. ALSO WHEN AT A FULL STOP I CAN FEEL THE VEHICLE SHAKE AND WHEN YOU PUT YOUR FOOT ON THE GAS PEDAL AND DRIVE AT 20 MPH YOU CAN FEEL THE PEDAL SHAKE. TRANSMISSION BECAUSE I CAN FEEL THE TRANSMISSION JERKING AND WHEN YOU PUT IT ON DRIVE IT DOESN'T FEEL LIKE YOU ARE ON DRIVE IT FEELS LIKE YOU ARE ON NEUTRAL DRIVING BECAUSE OF HOW ROUGH IT IS WHEN YOU ACCELERATE. I ALSO WENT TO THE DEALER FOR THIS MATTER BUT THEY COULDN'T DO ANYTHING. PLEASE HELP ME BECAUSE I AM VERY FRUSTRATED WITH TOYOTA BECAUSE MANY OF MY FAMILY MEMBERS HAVE TOYOTAS AND THEY NEVER HAD THIS ISSUE. THE CAR IS GOOD BUT THE LACK OF PERFORMANCE HAS DISAPPOINTED ME BECAUSE TOYOTAS HAVE A GREAT REPUTATION AND NOW THEY ARE JUST GIVING THAT ALL UP JUST TO SAVE MONEY ON FIXING THIS ISSUE THAT'S WHAT I FEEL THAT THEY ARE DOING. THATS WHY I AM DISAPPOINTED WITH TOYOTA AND THERE ENGINEERING BECAUSE I FEEL THAT THEY PUT IN TOO MUCH FOR THE REDESIGNED PART BUT NOT THE PERFORMANCE PART.

- NHTSA ID No. 11143643 (October 29, 2018): TAKATA RECALL. I AM HAVING ISSUES WITH THE TRANSMISSION. SINCE THE DAY FIRST DAY I NOTICED THAT THE TRANSMISSION JERKS, CAN'T FIND IT'S GEAR AND STALLS. I HAVE HAD SEVERAL NEAR ACCIDENTS DUE TO THE TRANSMISSION NOT RESPONDING THE WAY IT SHOULD. ESPECIALLY DURING BUMPER/BUMPER TRAFFIC. AT LOW SPEEDS THE TRANSMISSION CAN'T FIND IT'S GEAR. TENDS TO UPSHIFT AND WHEN YOU NEED TO ACCELERATE IT MIGHT TAKE A FEW SECONDS BEFORE IT GOES AND EVERYONE KNOWS THAT A FEW SECONDS IS AN

ETERNITY (ESPECIALLY WHEN TRYING TO CHANGE LANES AND THERE IS A CAR COMING).

- <u>NHTSA ID No. 11145057 (November 2, 2018):</u> MY VEHICLE WILL STALL AFTER A ROLLING STOP. THE TRANSMISSION ALSO SHUTTERS WHEN I AM IN STOP AND GO TRAFFIC. IT WILL RANDOMLY SHUTTER WHEN I AM DRIVING DOWN THE HIGHWAY. IT ALSO JERKS QUITE OFTEN.

- <u>NHTSA ID No. 11149793 (November 6, 2018):</u> THIS CAR HAS A VERY JERKY TRANSMISSION. ON AN INTERMITTENT BASIS WHEN I'M SLOWING DOWN TO A STOP, THE TRANSMISSION CAN'T DECIDE WHAT GEAR TO GO IN AND A VIBRATION OCCURS AND LUNGES THE CAR FORWARD A BIT. IN THESE CASES, I HAVE TO PUSH THE BRAKE HARDER TO AVOID HITTING THE CAR IN FRONT OF ME, WHICH HAS NEARLY HAPPENED A COUPLE TIMES NOW. IN ADDITION TO THIS SHAKING THAT CAN BE FELT THROUGHOUT THE CAR AND THROUGH THE STEERING WHEEL, THERE HAVE BEEN A COUPLE OF OCCASIONS WHERE THE CAR HAS NEARLY STALLED ON ME AS WELL WHEN COMING TO A STOP ON A ROUND-ABOUT IN WHICH I NEEDED TO ACCELERATE RIGHT AFTER. THIS RANDOM UNPREDICTABLE BEHAVIOR MAKES IT VERY DIFFICULT TO SAFELY OPERATE THIS CAR AND AVOID HITTING THE CAR IN FRONT OF ME OR GETTING REAR-ENDED, ESPECIALLY WHEN IN STOP-AND-GO TRAFFIC. I CAN TELL IT'S A TRANSMISSION ISSUE, BECAUSE WHEN I SHIFT THE TRANSMISSION INTO "NEUTRAL" AND COME TO A STOP, THE ISSUE NEVER HAPPENS.

  I TOOK IT TO THE TOYOTA DEALERSHIP LAST WEEK, SINCE I PURCHASED IT BRAND NEW AND IT NOW HAS ONLY 1500 MILES ON IT. THEY SPENT A DAY ON IT AND TOLD ME THEY DON'T KNOW HOW TO FIX IT, SINCE IT'S INTERMITTENT AND THEY WERE ONLY ABLE TO REPRODUCE IT ONCE OR TWICE AFTER A LONG TEST-DRIVE. THEY'VE HEARD OTHERS COMPLAIN ABOUT

THE TRANSMISSION ON THE NEW 2018 CAMRY'S THOUGH AS WELL, SO IT'S POSSIBLE TOYOTA KNOWS ABOUT THIS. AFTER READING ONLINE, I CAN SEE THAT MANY OTHERS ARE RUNNING INTO THE EXACT SAME ISSUE I AM.

- NHTSA ID No. 11151266 (November 13, 2018): THE WAY THE CAR HANDLES IS HORRIBLE. WHEN I SLOW DOWN IT SPEEDS UP AND WHEN I TAKE OFF FROM A LIGHT IT DOESNT SEEM TO WANT TO GO MY RMP HITS ABOUT 4 BEFORE IT SMOOTHS OUT. I SWARE OTHER CARS THINK I WANT TO RACE. I DID ADVICE THE SALES MEN WHEN HE ASKED WHAT I THOUGHT ABOUT THE CAR AND HE SAID BECAUSE OF A NEW MODLE OF TRANSMISSION. I DO NOT LIKE THE WAY THE CAR SHAKES AND FEELS LIKE ITS GOING TO CUT OFF. IT IS FINE ON THE HIGH WAY. I AM JUST DIAPPOINTED IN MY PURCHACE AND FOR THE FIRST TIME OUT OF ALL 5 TOYOTAS IVE HAD THAT I WISH I WOULDNT HAVE BOUGHT IT. I WAS FINE IN MY 2012 WISH I WOULD HAVE KEPT IT.

- NHTSA ID No. 11152774 (November 20, 2018): TRANSMISSION JERKS AND CANT SEEM TO FIND THE CORRECT GEAR. IF YOU COME TO A STOP THEN TRY TO CHANGE LANES THE TRANSMISSION CANT SEEM TO FIND THE CORRECT GEAR. I ALMOST GOT INTO A CRASH BECAUSE OF IT TOYOTA SHOULD RECALL AND UPDATE THE SOFTWARE BEFORE SOMEONE DIES OR GETS HURT!! ALSO THE TRANSMISSION JERKS INTO GEARS IT MAKES FOR A CRAP RIDE.

- NHTSA ID No. 11156458 (December 5, 2018): THIS IS MY THIRD TOYOTA CAR THAT I BUY AS A BRAND NEW CAR AND I WAS SO EXCITED ABOUT GRTTING A 2018 CAMRY SE BUT AM VERY DISSPOINT IT WITH THIS SITUATION

MAN SO THIS IS WHATS HAPPENING TO THE CAR THE VEHICLE HAS ISSUES WITH THE TRANSMISSION THERE

ARE TIMES WHEN THE CAR CAN'T SEEM TO DECIDE WHAT GEAR TO PICK AND WHEN TO ENGAGE IT RESULTING IN A SECOND OR TWO OF DEAD ACCELERATION ONCE THE VEHICLE DECIDES WHAT TO DO, IT SENDS AN EXCESSIVE AMOUNT OF POWER TO THE WHEELS WITH UNINTENDED ACCELERATION RATES. THIS HAS BEEN AN ISSUE SINCE I BOUGHT THE CAR SO PLEASE LET ME KNOW WHAT WE CAN DO BECAUSE I DONT LIKE HOW THIS BRAND NEW TRANSMISSION                                                            WORKS.

2.THE SECOND PRONLEM IS THAT THAT CAR START SHAKING WHEN AM GOING OVER 70 MILES PER HOUR ON THE HIGHWAY AND I KNOW EXACTLY THAT IS NOT WITH BALANCE AND NOT ALIGHNMRNT BECAUSE IDONT FEEL THE STEERING WHEEL SHAKING I FELL THE SHAKING IS COMMING FROM THE ENGINE I CAN GUARANTEED U THAT IS COMING FROM THERE BECAUSE WHEN I STOP ACCELARETING IT GOES AWAY BUT ONCE I ACCELERATE AGAIN STARTS THAT VIBRATION AGAIN SO TOYOTA NEEDS TO BE MORE SPECIFIC AND MAKING SURE THAT THEY'RE CUSTOMER ARE 100%% HAPPY WITH THEIR CAR AND STOP TESTING THIS BRAND NEWS PLATFORM WITH THE                                                            PEOPLE

MONEY BECAUSE I CAN TELK U THAT AT LEAST 40 PERCENT OF THE PEOPLE THEY ARE REGRETING OF BUYING THIS CAR JUST BECAUSE THIS KINDA OF PROBLEM SO I WISH THERES A REMEDY TGAT TOYOTA IT MIGHT XONSIDERING TO FIX THIS INDS OF PROBLEM WHICH I HATE ABOUT IT ST ALL

- NHTSA ID No. 11165306 (January 5, 2019): THE ISSUES THAT I HAVE WITH THE POWER TRAIN IS THAT WHEN THE CAR SLOWS DOWN & HAS TO ACCELERATE QUICKLY OR WHEN YOU COME TO A COMPLETE STOP & TAKE OFF THE CAR HESITATES TO GO. IT SOMEWHAT STALLS & IS VERY DANGEROUS ESPECIALLY IN CITY TRAFFIC TRYING TO CROSS A

BUSY STREET & THEN YOU STALL WITH ONCOMING TRAFFIC COMING TOWARDS YOU!! YOU CAN SOMETIMES PRESS THE GAS PEDAL TO THE FLOOR & IT STILL WON'T TAKE OFF LIKE IT SHOULD & THEN WHEN IT CATCHES THE CAR JERKS & THEN ACCELERATES. CRAZY HUH? I DON'T LIKE IT. I HAVE TAKEN MY CAR BACK TO THE DEALERSHIP 3 TIMES & EVERY TIME THEY SAY IT'S THE WAY THE NEW TRANSMISSION IS MADE IN THE 2018 MODELS & IT'S NOTHING THEY CAN DO. BUT IT HAPPENS EVERYDAY AT SOME POINT OF MY DRIVING TRIP. THIS IS A VERY DANGEROUS ISSUE & TOYOTA NEEDS TO FIX THE PROBLEM & TAKE THIS SERIOUS BEFORE SOMEONE REALLY GETS HURT. WITH THE VISIBILITY OR WIPERS, WHEN IT RAINS REALLY HARD THE VISIBILITY IS TERRIBLE...WIPERS ON HIGH & DEFROST ON IT'S STILL JUST TERRIBLE!! TOYOTA WE CAN DO BETTER THAN THIS NOW!!

- NHTSA ID No. 11170297 (January 16, 2019): THE TRANSMISSION HAS HARSH SHIFTS. MULTIPLE TIMES COMING THROUGH THE CITY WITH STOP SIGNS IT WILL HAVE A DELAY AND JERK WHEN I START TO GO AGAIN. SOME TIMES WHEN I GO TO CROSS AN INTERSECTION THERE WILL BE A DELAY WHICH IS VERY DANGEROUS IF I'M CROSSING WHILE YIELDING TO ONCOMING TRAFFIC. I TOOK TO THE DEALER WHERE THEY STARTED ITS FUNCTIONING AS IT SHOULD ACCORDING TO THE COMPUTERS AND RECOMMENDED I USED THE DIFFERENT MODES FOR BETTER SHIFTING. I WOULD LIKE THE BETTER FUEL ECONOMY AND SHOULDN'T HAVE TO PUT IT IN SPORT MODE FOR IT TO SOMEWHAT SHIFT BETTER. EVEN IN SPORT MODE IT STILL CAN'T FIGURE OUT WHAT GEAR IT SHOULD BE IN. I WAS TOLD IT NEEDS TO LEARN MY DRIVING PATTERN BUT AT 10K MILES I'M STILL HAVE ING THE ISSUE. IF IT WASN'T A NEW CAR I WOULD SAY THE TRANSMISSION WAS GOING BAD WITH HOW JERKY THE CAR CAN BE AT TIMES. VERY DISAPPOINTING.

- NHTSA ID No. 11170372 (January 16, 2019): ON DECEMBER 6, 2018, I PURCHASED A 2018 CAMRY WITH 65 MILES. I AM WRITING TO YOU REGARDING MY ACCELERATOR PEDAL PROBLEM. THIS LETTER ALSO DOCUMENTS THE SECOND INCIDENT WITH THE ACCELERATOR PEDAL. THE FIRST INCIDENT OCCURRED IN A PARKING LOT AND LEFT ME STRANDED FOR 4 HOURS AND THEN WITHOUT A CAR FOR A DAY. THE SECOND INCIDENT OCCURRED WHILE I WAS MAKING A RIGHT TURN IN TRAFFIC AND THE CAR ISSUED A MASTER WARNING LIGHT, A WARNING BUZZER, AND A MESSAGE ON THE MULTI-INFORMATION DISPLAY THAT QUICKLY DISAPPEARED. SOMETHING IS WRONG WITH THE ACCELERATOR CONTROL SYSTEM OR PEDAL ITSELF. THIS IS A SAFETY ISSUE. THE FOLLOWING INFORMATION IS PROVIDED TO HELP DIAGNOSE AND FIX THE PROBLEM. ON THE FOURTH INCIDENT, I HAVE A VIDEO THAT CLEARLY SHOWS THERE IS AN ACCELERATOR PROBLEM. IN THREE OF THE FOUR INCIDENTS, I WAS BACKING UP IN "R" AND NOTICED THERE WAS NO ACCELERATOR PEDAL, PLACED CAR IN "D" AND STILL NO ACCELERATOR PEDAL THAN IT WOULD JUST GO. IF THE CAR IS UNABLE TO ACCELERATE EITHER IN A TURN OR IN ANY SITUATION, THAN AN ACCIDENT OR DEATH COULD OCCUR. CURRENTLY CAR IS AT A TOYOTA DEALER. TOYOTA DID NOTHING ON THE FIRST TWO VISITS, AS THERE WERE "NO CODES" AND WOULD DO NOTHING UNLESS A CODE WAS PRESENT. I PROVIDED THEM WITH A VIDEO OF THE FOURTH INCIDENT AND IT SEEMS THEY MIGHT BE A BIT MORE INTERESTED.

- NHTSA ID No.11170484 (January 17, 2019): ENGINE IS VERY LOUD, ACCELERATION FINE ONE MINUTE AND THE NEXT MINUTE I TRY TO ACCELERATE IT DOESN'T EVEN WANT TO GO ANYWHERE I CONSIDER THIS A VERY SERIOUS ISSUE BEING THAT I TRY TO ACCELERATE OUT INTO TRAFFIC. AND IT WANTS TO STALL AND LOSES ACCELERATION FOR 1 OR 2 SECONDS. WHICH IS VERY DANGEROUS BEING THAT

I'M STUCK THERE AND ONCOMING TRAFFIC FOR THAT. OF TIME AND THEN I HAVE TO STEP ON IT WAY WAY MORE THAN WHAT I SHOULD HAVE TO GET OUT OF HARM'S WAY. THESE INCIDENTS TAKE PLACE ON THE CITY STREETS NOT THE HIGHWAY. ONLY IN THE BEGINNING OF ACCELERATING.

- NHTSA ID No. 11170684 (January 17, 2019): WHILE DRIVING, CAR HAS PROBLEM SELECTING THE RIGHT GEAR. I WAS DRIVING AND I DECELERATE NOT TO A COMPLETE STOP AND THEM TRY TO ACCELERATE AGAIN THAT WHEN I NOTICE CAR HAS STRUGGLE TO SELECT THE PROPER GEAR. CAR DOES NOT ACCELERATE FOR ABOUT 2 SECOND BEFORE A ROUGH FAST START THROUGH 2 OR 3 GEAR, THEM THE PROPER GEAR IS SELECTED.

- NHTSA ID No. 11171094 (January 20, 2019): TRANSMISSION HESISTATING ON TAKE OFF AND WHEN CHANGING TO ANOTHER FORWARD SPEED. HAS HAPPENED ABOUT 2 - 3 TIMES A WEEK

- NHTSA ID No. 11172252 (January 26, 2019): CAR IS OFTEN JUMPY AFTER ACCELERATING FROM A COMPLETE STOP OR ACCELERATING AFTER SLOWING DOWN. I WILL PUSH THE GAS PEDAL DOWN, AND THERE WILL BE A SLIGHT DELAY BEFORE THE CAR SELECTS THE PROPER GEAR, OFTEN RESULTING IN THE CAR LURCHING FORWARD. THIS ONLY HAPPENS IN TOWN, NOT ON THE HIGHWAY, AND SEEMS TO HAPPEN MORE OFTEN AFTER TURNING. AND IT DOESN'T HAPPEN ALL THE TIME, BUT ENOUGH FOR ME TO TAKE NOTICE AFTER HAVING THE CAR FOR A MONTH.

- NHTSA ID No. 11172520 (January 28, 2019): TRANSMISSION HAS A VERY DANGEROUS DELAY . DOESN'T RESPOND WHEN YOU PRESS THE PEDAL WHEN ACCELERATING FROM A STOP THEN SUDDENLY REACS . WHEN SWITCHING LANES AND MERGING INTO HIGHWAY IVE HAD THE CAR NOT RESPOND WHEN PRESSING THE

PEDAL CAUSING ME TO ALMOST GET REAR ENDED MULTIPLE TIMES . TOYOTA PLEASE DO SOMETHING FOR EVERYONE HAVING THIS PROBLEM !!!!! NOT A SAFE CAR

- NHTSA ID No. 11172553 (January 28, 2019): CAR CANNOT SEEM TO DETERMINE WHICH GEAR IT SHOULD BE IN. WHEN IN STOP AND GO TRAFFIC ON FREEWAY AND PEDAL IS NOT DEPRESSED, CAR LURCHES FORWARD AND A CLUNK IS HEARD AS THE VEHICLE DOWNSHIFTS. CLUNKING SOUND IS MADE WORSE IN COLD, HUMID, OR CLOUDY WEATHER. IN THE STREETS, WHEN TURNING A CORNER AND HITTING THE GAS, THERE IS A NOTICEABLE LAG (ABOUT 2 SECONDS) UNTIL THE CAR JERKS FORWARD AND INCREASES SPEED. IF YOU WANT TO PASS SOMEONE YOU NEED TO BE VERY CAREFUL BECAUSE THE CAR CAN SUDDENLY LURCH FORWARD AND A HIGHER SPEED THAN INTENDED, OR NOT ACCELERATE AT ALL. WHEN CAR AUTOMATICALLY BRAKES FOR YOU TO AVOID A COLLISION, A LOUD RATTLING NOISE IS HEARD AND FELT THROUGHOUT CABIN WHEN DEPRESSING PEDAL, WITH MOST OF THE NOISE CONCENTRATED IN THE AREA UNDER THE HOOD OF CAR.

- NHTSA ID No. 11175845 (February 9, 2019): I HAVE HAD CONSTANT PROBLEMS WITH MY 2018 CAMRY SINCE PURCHASING MAY 2018. MY CAR IS ALWAYS JERKING AS I ACCELERATE AND WHEN I'M DRIVING IN TOWN, FEELS LIKE I'M GETTING REAR-ENDED AND HESITATING ON HIGHWAY WHEN I HAVE TO ACCELERATE INTO TRAIFFIC WHICH IS VERY DANGEROUS WHEN THE CAR WON'T GET UP AND GO. I HAVE HAD IT TO THE DEALER SEVERAL TIMES. THEY RESET THE COMPUTER BECAUSE IT CAN SAVE SETTINGS FROM PREVIOUS DRIVERS. THAT DIDN'T HELP. THEY TOLD ME THAT IT'S A DIFFERENT TRANSMISSION AND IT TAKES FEW SECONDS FOR THE COMPUTER TO COMMUNICATE BACK TO

TRANSMISSION. THIS IS A VERY UNSAFE FEATURE. THE CAR IS SUPER LOUD AND ROUGH FEELING WITH THE TIRES. I FEEL LIKE I'M DRIVING AN OLD VEHICLE FROM THE 80'S. THE ENTUNE APP HAS CONSTANT ISSUES OF NOT LOADING OR RECOGNIZING MY PHONE. TIRE PRESSURE LIGHT COMES ON ALL THE TIME AND PRESSURE TESTS FINE AT DEALER. MAINTENANCE LIGHT COMES ON EVERY 5000 MILES FOR TIRE CHECK AND OIL ONLY NEEDS CHANGED 10000. MAINTENANCE LIGHT SHOULD BE SEPARATE FROM OIL CHANGE SO YOU KNOW WHICH ONE NEEDS DONE.

- NHTSA ID No. 11176031 (February 10, 2019):  SPEED TRANSMISSION

  THE TRANSMISSION PERFORMS POORLY, REGULARLY STALLING BETWEEN SHIFTS, CAUSING A LAG IN ACCELERATION. IT CAN'T SEEM TO PICK A GEAR, LEAVING THE VEHICLE STALLED BRIEFLY, WHILE THE ACCELERATOR                IS                DEPRESSED.

  ONCE, AT A LARGE INTERSECTION, IN A HIGH TRAFFIC AREA, FROM A STOP, I ATTEMPTED A RIGHT TURN. THE CAR STALLED, WHILE I DEPRESSED THE ACCELERATOR, CAUSING A MILD PANIC, AS I WAS CONFRONTED WITH AN 18 WHEELER ATTEMPTING TO TURN INTO MY LANE. THE CAR EVENTUALLY ACCELERATED, GETTING ME OUT OF THE WAY, IN A HARRIED AND FRUSTRATED HUFF AT THE POOR PERFORMANCE       OF       THIS       NEW       CAR.

  THE TRANSMISSION DOES NOT MIS-PERFORM UPON EVERY SINGLE SHIFT OF THE GEARS, BUT THERE WILL BE MIS-PERFORMANCE OCCURRING ON EVERY SINGLE TRIP TAKEN IN THE CAR.

- NHTSA ID No. 11181285 (February 20, 2019): THE CAR HARD SHIFTS ABOUT 30 MILES PER HOUR... SEEMS TO ALWAYS BE SEARCHING FOR THE CORRECT GEAR,

SOME LAG TIME WHEN ACCELERATING. THE PROBLEMS SEEM TO START ABOUT 5K-8K MILES. THE FIRST TIME, THE DEALER SAID TO SWITCH TO PREMIUM GAS, THE PROBLEM GOT PROGRESSIVELY WORSE. THE DEALER IS REPLACING THE TRANSMISSION; HOWEVER, IT IS ON BACK ORDER AND IT MAY TAKE 4 WEEKS TO GET THE NEW TRANSMISSION. DEALER IS ALSO UNAWARE OF ANY PROBLEMS WITH THE TRANSMISSION ON THE 2018 CAMRY.

- NHTSA ID No. 11181971 (February 22, 2019): WHILE DRIVING, WITH OR WITHOUT CRUISE CONTROL ON THE FREEWAY, THE TRANSMISSION IS EXTREMELY JERKY. ANY SORT OF INCLINE SEEMS TO HIGHLIGHT THE ISSUE EVEN FURTHER! I HAVE TAKEN IT TO THE DEALER, ONLY FOR THEM TO TELL ME NOTHING IS WRONG. BUT WHAT WOULD I KNOW, EVEN THOUGH I DRIVE IT 110 MILES A DAY. THE PROBLEM HAS ALSO OCCURRED FROM TAKEOFF FROM A STOP SIGN OR STOP LIGHT. THE RPM?S WANT TO JUMP AND THE PEDAL IS VERY TOUCHY. I REALLY HATE THE TRANSMISSION JERKING THIS HARD WHEN I?M DRIVING 75-80 ON THE INTERSTATE. I ALSO DIDNT WANT TO PAY THIS MUCH FOR THE CAMRY, WHICH I HOLD IN HIGH REGARD, ONLY FOR THIS TO CONTINUE HAPPENING ON A DAILY BASIS. I HAD IT LOOKED AT WITH AROUND 6K MILES AND NOW I HAVE 13K ON THE CAR, WITH ZERO IMPROVEMENT. TOYOTA, PLEASE ACKNOWLEDGE AND FIX THIS ISSUE FOR ALL OWNERS EXPERIENCING THIS PROBLEM!

- NHTSA ID No. 11182858 (February 27, 2019): WHEN I PUT THE CAR IN REVERSE AND THEN IN FORWARD THE CAR JERKS. WHEN I?M DRIVING THE CAR AT LOWER SPEEDS AND MY FOOT IS NOT ON THE GAS PEDAL AND THEN I PRESS THE GAS PEDAL THE CAR FEELS LIKE IT?S GOING TO STALL, OR SHIFTS DOWN OR UP JERKY LIKE IT SKIPS GEARS OR IT CAN?T DECIDE WHAT GEAR IT SHOULD BE IN. I UNDERSTAND THERE IS A

TECHNICAL SERVICE BULLETIN TO RESOLVE THIS ISSUE THAT TOYOTA IS AWARE OF. THE BULLETIN RECOMMENDS THAT DEALERS REPROGRAM THE PCM MODULE. THE BULLETIN IS TSB #T-SB-0330-17. THE DEALER WON?T REPROGRAM BECAUSE IT?S NIT A RECALL ISSUE.

- NHTSA ID No. 11185947 (March 11, 2019): LAG AND HESITATION WHEN GOING TO FULL THROTTLE ON THE GAS PEDAL. IT HESITATES FOR A SECOND AND THEN FINALLY GRABS ON TO ACCELERATE. IT HAS DONE THIS SINCE I PURCHASED IT BUT WAS HOPING IT WOULD WORK ITSELF OUT EVENTUALLY, BUT THIS HASN'T HAPPENED. TOYOTA DID A TSB SOFTWARE UPDATE FOR THE 4 CYLINDER BUT NOT THE V6.

- NHTSA ID No. 11187415 (March 17, 2019): TAKATA RECALL: WHEN ACCELERATING AND DEACCELERATING THE VEHICLE I NOTICED THE TRANSMISSION SHIFTS REALLY ROUGH AND MAKES THE CAR JERKY LIKE IT?S GOING TO STALL OUT. DO NOT FEEL SAFE AT ALL WITH MY BRAND NEW CAR DRIVING THIS WAY. I?VE HAD THE CAR FOR 7 MONTHS AND WANT TO GET RID OF IT AS SOON AS POSSIBLE FOR THIS ROUGH RIDE EXPERIENCE!

- NHTSA ID No. 11189722 (March 18, 2019): WHILE DRIVING THE CAR JERKS WHEN GOING INTO THE NEXT GEAR. IT FEELS LIKE THE TRANSMISSION IS SLIPPING. IT SEEMS LIKE IT DON?T KNOW WHAT HEAR TO GO IN AT TIMES

- NHTSA ID No. 11191430 (March 25, 2019): MOVING SLOWLY I TURNED THE WHEEL TO THE RIGHT TO CHANGE LANES AND ACCELERATED, THE TRANS SEEMED TO GO INTO NEUTRAL BY ITSELF. THE ENGINE REVVED UP BUT CAR WOULD NOT GO FOR ABOUT 3 SECONDS UNTIL IT FINALLY ENGAGED. THIS CREATED A DANGEROUS SITUATION WHERE CARS COMING UP BEHIND COULD HAVE COLLIDED WITH

ME. THIS HAPPENED AT A BUSY INTERSECTION ON A CITY STREET. I WAS GOING ABOUT 5MPH WHEN I TURNED THE WHEEL TO THE RIGHT AND TRIED TO CHANGE LANES.

- NHTSA ID No. 11192095 (March 28, 2019): EVERYTIME WE STEP ON THE ACCELERATOR IT DELAYS TAKE OFF RESPONSE AS OF THE TRANSMISSION STARTS ON 4TH GEAR THEN RAPIDLY DROPS IT TO 1ST OR 2ND WHICH THEN CREATES A REALLY JERKY EFFECT WHICH IS NOT COMFORTABLE, NOT SAFE AND NOT RELIABLE.

- NHTSA ID No. 11193267 (April 2, 2019): DEFECTIVE TRANSMISSION:

1: CAR HESITATES TO SPEED UP FROM A FULL STOP OR WHILE                    IN                    MOTION.

2: RPM'S GO OVER 3000 BEFORE CAR REACTS (2-3 SECONDS DELAY) , DANGEROUS SPECIALLY WHEN TAKING CURVES OR MERGING INTO TRAFFIC (HIGHWAYS,          FAST          TRAFFIC          ROADS).

3: I FEEL A "HICCUP" LIKE MOVEMENT WHILE IN MOTION                              (SOMETIMES).

4: CAR HESITATES TO SHIFT OR SHIFTS WHIT EXCESSIVE                                    POWER.

5: DOWNSHIFTS AND LOSS OF ACCELERATION (IT HAPPENS                              ERRATICALLY)

6: I HEARD A SOFT METAL-TO-METAL "KNOCK" SOUND WHEN I LIFT MY FOOT FROM GAS PEDAL WHILE IN MOTION.

UNTIL NOW THIS ARE THE SYMPTOMS I'M EXPERIENCING WITH MY 2018 CAMRY 4-CYL,

CERTAINLY SOMETHING I WASN'T EXPECTING FROM A TOYOTA                                                PRODUCT.

THE UNPREDICTABLE BEHAVIOR OF THIS CAR IS DANGEROUS, I NEVER KNOW WHEN IS GOING TO RESPONSE AS IT SHOULD DO OR WHEN I'LL HAVE TO FLOOR IT SO IT CAN REV UP AND FINALLY MOVE.

- <u>NHTSA ID No. 11196577 (April 16, 2019):</u> I JUST BOUGHT A CAMRY SE 2018 AND EVERYTIME FROM TAKEOFF TO A STOP PEDALS OR TRANSMISSION FEEL ROUGT IS LIKE THE CAR DONT MOVE IF YOU GONNA TAKE OFF I NEED TO PRESS THE PEDAL SO HARD TO GET THE CAR MOVE TO PASS THE OTHERS CARS THE SAME THING I DONT FEEL SAFE IN THIS CAR I HAVE A 2017 ELANTRA AT THAT HYUNDAI HANDLE BETTER THAN THE CAMRY SO ACELERATION IS ROUGHT I JUST HAVE TWO DAYS DRIVING AND I KNOW THATS CANT BE LIKE THAT. SO THAT HAPPEN WHEN THE VEHICULE IS IN MOTION AFTER STOP WHEN PRESSING THE GAS PEDAL AFTER STOP WHEN GOING TO DRIVE AGAIN HARD ACELERATION AND CAR WASTING TO MUCH GAS CAMRY HAS 43K I BOUGHT IT USE AND THAT HAPPEN THE FIRST DAY I BOUGHT I WAS THINKING MAYBE IS ME CAUSE I HAVE A HYUNDAI BUT I DROVE BEFORE A 2014 CAMRY AND IS NOT LIKE THAT

28.    Although Toyota was aware of the widespread nature of the Transmission Defect in the Class Vehicles, and that it posed grave safety risks, Toyota has failed to take adequate steps to notify Class Vehicle owners and lessees of the Defect and provide relief.

29.    Customers have reported the Transmission Defect in the Class Vehicles to Toyota directly and through its dealers.  Defendant is fully aware of the Transmission Defect contained in the Class Vehicles.  Nevertheless, Defendant actively concealed the existence and nature of the Defect from

Plaintiff and the other Class Members at the time of purchase or repair and thereafter.  Defendant:

> a.   failed to disclose, at the time of purchase or repair and thereafter, any and all known material defects or material nonconformities of the Class Vehicles, including the Transmission Defect;
>
> b.   failed to disclose, at the time of purchase or repair and thereafter, that the Class Vehicles and their transmissions were not in good working order, were defective, and were not fit for their intended purpose; and
>
> c.   failed to disclose and/or actively concealed the fact that the Class Vehicles and their transmissions were defective, despite the fact that Defendant learned of the Transmission Defect before it placed the Class Vehicles in the stream of commerce.

30.   Defendant has deprived Class Members of the benefit of their bargain, exposed them all to a dangerous safety Defect, and caused them to expend money at its dealerships or other third-party repair facilities and/or take other remedial measures related to the Transmission Defect contained in the Class Vehicles.

31.   Defendant has not recalled the Class Vehicles to repair the Transmission Defect, has not offered to its customers a suitable repair or replacement of parts related to the Transmission Defect free of charge, and has not reimbursed all Class Vehicle owners and leaseholders who incurred costs for repairs related to the Transmission Defect.

32.   Class Members have not received the value for which they bargained when they purchased or leased the Class Vehicles.

33.     As a result of the Transmission Defect, the value of the Class Vehicles has diminished, including without limitation, the resale value of the Class Vehicles.  Reasonable consumers, like Plaintiff, expect and assume that a vehicle's transmission and the related components are not defective and will not malfunction while operating the vehicle as it is intended.  Plaintiff and Class Members further expect and assume that Toyota will not sell or lease vehicles with known safety defects, such as the Transmission Defect, and will fully disclose any such defect to consumers prior to purchase or offer a suitable non-defective repair.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as members of the proposed Class and Sub-Classes pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and/or (b)(3).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions.

35.     The Classes and Sub-Classes are defined as:

> **Nationwide Class**: All persons who purchased or leased any 2018 Toyota Camry vehicle in the United States.

> **California Sub-Class**: All persons who purchased or leased any 2018 Toyota Camry vehicle in State of California.

36.     Excluded from the Classes and Sub-Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.   Plaintiff

reserves their right to amend the definition of the Classes and Sub-Classes, and to add further subclasses, if discovery and further investigation reveal that the Classes and Sub-Classes should be expanded or otherwise modified.

37.   Numerosity: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from, *inter alia*, information and records in Defendant's possession, custody, or control.

38.   Typicality: The claims of the representative Plaintiff are typical of the claims of the Classes and Sub-Classes in that the representative Plaintiff, like all Class Members, paid for a Class Vehicle designed, manufactured, and distributed by Defendant which is subject to the Transmission Defect.   The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that he has incurred or will incur the cost of repairing or replacing his malfunctioning transmission and related parts as a result of the Transmission Defect.  Further, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and/or grossly negligent misconduct resulting in injury to all Class Members.

39.   Commonality: There are numerous questions of law and fact common to Plaintiff and the Class and Sub-Classes that predominate over any question affecting only individual Class Members.  These common legal and factual questions include the following:

a.   whether the Class Vehicles suffer from the Transmission Defect;

b.   whether the Transmission Defect constitutes an unreasonable safety hazard;

c.   whether Defendant knows about the Transmission Defect and, if so, how long Defendant has known of the Defect;

d.   whether the defective nature of the Class Vehicles' transmissions constitutes a material fact;

e.   whether Defendant had and has a duty to disclose the defective nature of the Class Vehicles' transmissions to Plaintiff and the other Class Members;

f.   whether Plaintiff and the other Class Members are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction;

g.   whether Defendant knew or reasonably should have known of the Transmission Defect contained in the Class Vehicles before it sold or leased them to Class Members; and

h.   Whether Defendant: (1) violated the California Consumers Legal Remedies Act, California Civil Code sections 1750 *et seq.*; (2) violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (3) committed breach of the implied warranty of merchantability pursuant to the California Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1 *et seq.*, and Cal. Comm. Code §2314*;* (4) committed breach of the Class Vehicles' express warranty pursuant to Cal. Comm. Code §2313; (5) committed breach written and implied warranty pursuant to the Magnuson Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*);

and (6) is liable for fraudulent omission as alleged in this Complaint.

40. <u>Adequate Representation</u>:  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and automobile defect class actions, and Plaintiff intends to prosecute this action vigorously.

41. <u>Predominance and Superiority</u>:  Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

(Violation of California Consumers Legal Remedies Act,
Cal. Civ. Code § 1750 *et seq.* ("CLRA") on behalf of the Nationwide Class, and
alternatively, the California Sub-Class)

42.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

43.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, and alternatively, the California Sub-Class.

44.     Toyota is a "person" as defined by California Civil Code § 1761(c).

45.     Plaintiff and the other Class Members are "consumers" within the meaning of California Civil Code § 1761(d).

46.     By failing to disclose and concealing the defective nature of the Class Vehicles' transmissions from Plaintiff and prospective Class Members, Defendant violated California Civil Code § 1770(a), as it represented that the Class Vehicles had characteristics and benefits that they do not have, represented that the Class Vehicles were of a particular standard, quality, or grade when they were of another, and advertised the Class Vehicles with the intent not to sell them as advertised. *See* Cal. Civ. Code §§ 1770(a)(5), (7) & (9).

47.     Defendant's unfair and deceptive acts or practices occurred repeatedly in Defendant's trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

48.     Defendant knew that the Class Vehicles' transmissions suffered from an inherent defect, were defectively designed and/or manufactured, would fail prematurely, and were not suitable for their intended use.

49.     Defendant was under a duty to Plaintiff and the Class Members to disclose the defective nature of the Class Vehicles' transmissions because:

      a.     Defendant was in a superior position to know the true state of facts about the safety defect contained in the Class Vehicles' transmissions;

      b.     Plaintiff and the Class Members could not reasonably have been expected to learn or discover that their transmissions

have a dangerous safety defect until after they purchased or leased the Class Vehicles; and

c.    Defendant knew that Plaintiff and the Class Members could not reasonably have been expected to learn about or discover the Transmission Defect prior to purchase or lease.

50.    By failing to disclose the Transmission Defect, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

51.    The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material because a reasonable consumer would have considered them to be important in deciding whether or not to purchase a Class Vehicle, or to pay less for one. Had Plaintiff and other Class Members known that the Class Vehicles' transmissions were defective, they would not have purchased or leased the Class Vehicles or would have paid less for them.

52.    Plaintiff and the other Class Members are reasonable consumers who do not expect that their vehicles will suffer from a Transmission Defect. That is the reasonable and objective consumer expectation for vehicles and their transmissions.

53.    As a result of Defendant's misconduct, Plaintiff and the other Class Members have been harmed and have suffered actual damages in that the Class Vehicle and their transmissions are defective and require repair or replacement.

54.    As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiff and the other Class Members have suffered and will continue to suffer actual damages.

55.    By a letter dated February 27, 2019 sent via certified mail, Plaintiff provided Defendant with notice of its alleged violations of the CLRA pursuant to California Civil Code Section 1782(a) and demanded that Defendant rectify the

problems associated with the behavior detailed above.  As of the filing of this Complaint, Defendant has failed to agree to Plaintiff's demands and has failed to give notice to all affected consumers, as required by California Civil Code Section 1782.

56.    Accordingly, Plaintiff seeks an order enjoining the acts and practices described above.

57.    Plaintiff additionally seeks actual damages, restitution, statutory and punitive damages, attorneys' fees and costs, and any other relief that the Court deems proper under section 1780(a) of the CLRA pursuant to Civil Code Section 1782(d), due to Defendant's failure to rectify or agree to adequately rectify its violations as detailed above.

58.    Plaintiff's counsel's Declaration of Venue, to the extent required by California Civil Code § 1780(d), is attached hereto as Exhibit 1.

## SECOND CAUSE OF ACTION

(Violation of Unfair Competition Law,
Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") on behalf of the Nationwide Class, and alternatively, the California Sub-Class)

59.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

60.    Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, and alternatively, the California Sub-Class.

61.    California Business & Professions Code Section 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

62.     Defendant knew that the Class Vehicles' transmissions suffered from an inherent defect, were defectively designed and/or manufactured, would fail prematurely, and were not suitable for their intended use.

63.     In failing to disclose the Transmission Defect, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so, thereby engaging in a fraudulent business act or practice within the meaning of the UCL.

64.     Defendant was under a duty to Plaintiff and the other Class Members to disclose the defective nature of the Class Vehicles' transmission because:

      a.     Defendant was in a superior position to know the true state of facts about the safety defect in the Class Vehicles' transmission;

      b.     Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles' transmission; and

      c.     Defendant actively concealed the defective nature of the Class Vehicles' transmission from Plaintiff and Class Members at the time of sale and thereafter.

65.     The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material because a reasonable person would have considered them to be important in deciding whether or not to purchase or lease Defendant's Class Vehicles, or to pay less for them.  Had Plaintiff and other Class Members known that the Class Vehicles suffered from the Transmission Defect described herein, they would not have purchased or leased the Class Vehicles or would have paid less for them.

66.     Defendant continued to conceal the defective nature of the Class Vehicles and their transmissions even after Class Members began to report problems.  Indeed, Defendant continues to cover up and conceal the true nature of this systematic problem today.

67.     Defendant's omissions of material facts, as set forth herein, also constitute "unfair" business acts and practices within the meaning of the UCL, in that Defendant's conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous.  Plaintiff is informed and believes, and based thereon alleges, that despite its knowledge of the Transmission Defect Toyota rolled out the Class Vehicles without disclosing the problem to meet its own internal schedules and revenue goals.  On information and belief, Toyota has similarly not provided an adequate fix to avoid costly in-warranty repairs, and at most has resorted to ineffective software patches.  The utility of this self-serving conduct, which only benefits Toyota and serves no public good, is greatly outweighed by the gravity of the potential harm to consumers.  Plaintiff also asserts a violation of public policy arising from Defendant's withholding of material safety facts from consumers.   Defendant's violation of consumer protection and unfair competition laws resulted in harm to consumers.

68.     Defendant's omissions of material facts, as set forth herein, also constitute unlawful business acts or practices because they violate consumer protection laws, warranty laws and the common law as set forth herein.

69.     Thus, by its conduct, Defendant has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

70.     Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

71.    As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and Class Members have suffered and will continue to suffer actual damages.

72.    Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and Class Members pursuant to sections 17203 and 17204 of the Business & Professions Code.

### THIRD CAUSE OF ACTION

(Breach of Implied Warranty pursuant to Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 and 1791.1 *et seq.,* and Cal. Comm. Code §2314 on behalf of the Nationwide Class, and alternatively, the California Sub-Class)

73.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

74.    Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, and alternatively, the California Sub-Class.

75.    Defendant was at all relevant times the manufacturer, distributor, warrantor, and/or seller of the Class Vehicles.  Defendant knew or had reason to know of the specific use for which the Class Vehicles were purchased or leased.

76.    Defendant provided Plaintiff and Class Members with an implied warranty that the Class Vehicles and any parts thereof were merchantable and fit for the ordinary purposes for which they were sold.  However, the Class Vehicles are and are not fit for their ordinary purpose of providing reasonably reliable and safe transportation because the Class Vehicles suffer from a Transmission Defect that can make driving unreasonably dangerous.

77.    Defendant impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use.  This implied warranty included, among other things: (i) a warranty that the Class Vehicles and their transmissions designed, manufactured, supplied, distributed, and sold by

Defendant were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles and their transmissions would be fit for their intended use while the Class Vehicles were being operated.

78.     Contrary to the applicable implied warranties, the Class Vehicles' transmissions, at the time of sale and thereafter, were not fit for their ordinary and intended purpose of providing Plaintiff and the other Class Members with reliable, durable, and safe transportation.   Instead, the Class Vehicles are defective, as described more fully above.

79.     Defendant's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of California Civil Code sections 1792 and 1791.1, and California Commercial Code section 2314.

## FOURTH CAUSE OF ACTION

(Breach of Express Warranty pursuant to Cal. Com. Code § 2313 on behalf of the Nationwide Class, and alternatively, the California Sub-Class)

80.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

81.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, and alternatively, the California Sub-Class.

82.     Defendant provided all purchasers and lessees of the Class Vehicles with the express warranty described below, which became a material part of the bargain.  Accordingly, Defendant's express warranty is an express warranty under California law.

83.     Defendant provided all purchasers and lessees of the Class Vehicles with a New Vehicle Limited Warranty that includes Basic coverage of three years / 36,000 miles, whichever comes first, and Powertrain coverage of 5 years / 60,000 miles, whichever comes first.  The Basic Warranty "covers repairs and

adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota" subject to certain limited exceptions.  The Powertrain Warranty "covers repairs needed to correct defects in materials or workmanship" of the engine, transmission and transaxle, and the front-wheel drive system.

84.     Defendant breached the express warranty through the acts and omissions described above.

85.     Plaintiff was not required to notify Toyota of the breach because affording Toyota a reasonable opportunity to cure its breach of written warranty would have been futile.  Toyota was also on notice of the Transmission Defect from the complaints and service requests it received from Class Members, from repairs and/or replacements of the Class Vehicles' transmissions, and through other internal sources.

86.     As a result of Defendant's breach of the applicable express warranties, owners and/or lessees of the Class Vehicles suffered, and continue to suffer, an ascertainable loss of money, property, and/or value of their Class Vehicles.  Additionally, as a result of the Transmission Defect, Plaintiff and Class Members were harmed and suffered actual damages in that the Class Vehicles' transmissions are substantially certain to fail before their expected useful life has run.

87.     As a result of Defendant's breach of the express warranty, Plaintiff and Class Members are entitled to legal and equitable relief against Defendant, including actual damages, specific performance, attorney's fees, costs of suit, and other relief as appropriate.

## FIFTH CAUSE OF ACTION

(Breach of Implied and Written Warranties pursuant to Magnuson-Moss Warranty Act,  15 U.S.C. § 2301 *et seq.* on behalf of the Nationwide Class, and alternatively, the California Sub-Class)

88.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

89.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, and alternatively, the California Sub-Class.

90.     Plaintiff and Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

91.     Defendant is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4)-(5).

92.     The Class Vehicles are "consumer products" within the meaning of 15 U.S.C. § 2301(1).

93.     Defendant's implied warranty is an "implied warranty" within the meaning of 15 U.S.C. § 2301(7).

94.     Defendant's express warranty is a "written warranty" within the meaning of 15 U.S.C. §2301(6).

95.     Defendant breached the implied warranty and the express warranty by virtue of the above-described acts.

96.     Plaintiff and the other Class Members notified Defendant of the breach within a reasonable time and/or were not required to do so.  Defendant was also on notice of the Transmission Defect from, among other sources, the complaints and service requests it received from Class Members and its dealers.

97.     Defendant's breach of the implied warranty and express warranty deprived Plaintiff and Class Members of the benefits of their bargains.

98.     As a direct and proximate result of Defendant's breach of the implied and express warranties, Plaintiffs and the other Class Members sustained damages and other losses in an amount to be determined at trial.  Plaintiff and Class Members are entitled to legal and equitable relief against Defendant, including actual damages, specific performance, attorney's fees, costs of suit, and other relief as appropriate.

## SIXTH CAUSE OF ACTION

(Fraudulent Omission on behalf of the Nationwide Class, and alternatively, the California Sub-Class)

99.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

100.    Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, and alternatively, the California Sub-Class.

101.    Defendant knew that the Class Vehicles' transmissions were defectively designed and/or manufactured, would fail, and were not suitable for their intended use.

102.    Defendant concealed from and failed to disclose to Plaintiff and Class Members the defective nature of the Class Vehicles and their transmissions.

103.    Defendant was under a duty to Plaintiff and Class Members to disclose the defective nature of the Class Vehicles' transmission because:

  a.     Defendant was in a superior position to know the true state of facts about the safety defect contained in the Class Vehicles' transmission;

  b.     Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the transmission; and

c. Defendant actively concealed the defective nature of the Class Vehicles' transmission from Plaintiff and Class Members.

104. The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase or lease Defendant's Class Vehicles or pay a lesser price for them. Had Plaintiff and Class Members known about the defective nature of the Class Vehicles' transmissions, they would not have purchased or leased the Class Vehicles, or would have paid less for them.

105. Defendant concealed or failed to disclose the true nature of the defect contained in the Class Vehicles' transmissions in order to induce Plaintiff and Class Members to act thereon. Plaintiff and the other Class Members justifiably relied on Defendant's omissions to their detriment. This detriment is evident from Plaintiff's and Class Members' purchase or lease of Defendant's defective Class Vehicles.

106. Defendant continued to conceal the defective nature of the Class Vehicles' transmissions even after Class Members began to report the problems. Indeed, Defendant continues to cover up and conceal the true nature of the problem today.

107. As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff and Class Members have suffered and will continue to suffer actual damages. Plaintiff and Class Members are entitled to legal and equitable relief against Defendant, including actual damages, specific performance, attorney's fees, costs of suit, and other relief as appropriate.

## **RELIEF REQUESTED**

108. Plaintiff, on behalf of himself and all others similarly situated, requests the Court to enter judgment against Defendant, and issue an order

1 | providing the following relief:

2 | a. That Defendant provide notice, in a form pre-approved by the counsel identified below, to all current owners or lessees of Class Vehicles in the United States and in the said notice offer to replace the defective transmission and any related components contained in every Class Vehicle with a non-defective transmission and component parts;

8 | b. That Defendant provide notice, in a form pre-approved by the counsel identified below, to all current owners and lessees of Class Vehicles in the United States and in the said notice extend the warranty for all of the Class Vehicles' parts, components or systems that constitute the transmission, or that bear upon or are impacted by the Transmission Defect, including but not limited to any computer components, to 10 years from the date an adequate fix or replacement is implemented/unlimited miles applicable to both original and subsequent purchasers of every Class Vehicle in California;

19 | c. That Defendant offer to reimburse all current and former owners and lessees in the United States who have purchased or leased Class Vehicles, all expenses already incurred as a result of the Transmission Defect, including repairs, diagnostics, and any other consequential and incidental damages (*e.g.* towing charges, vehicle rentals, etc.);

25 | d. That Defendant immediately cease the sale and leasing of Class Vehicles at all authorized Toyota dealerships in the United States without first notifying the purchasers of the

Transmission Defect, and otherwise immediately cease to engage in the violations of law as set forth above;

e.    Damages and restitution in an amount to be proven at trial;

f.    An order certifying the proposed Class and Sub-Classes, designating Plaintiff as named representative of the Class and Sub-Classes, and designating the undersigned as Class Counsel;

g.    A declaration that Defendant is financially responsible for notifying all Class Members about the defective nature of the Class Vehicles' transmission;

h.    Any and all remedies provided pursuant to the UCL, CLRA, express and implied warranty laws alleged herein, and common law fraud laws;

i.    An award to Plaintiff and the Class and Sub-Classes of compensatory, exemplary, and statutory damages as applicable, including interest, in an amount to be proven at trial;

j.    A declaration that Defendant must disgorge, for the benefit of the Class and Sub-Classes, all or part of the ill-gotten profits it received from the sale or lease of Class Vehicles, and/or make full restitution to Plaintiff and Class Members;

k.    An award of attorneys' fees and costs, as allowed by law;

l.    An award of attorneys' fees and costs pursuant to California Code of Civil Procedure Section 1021.5;

m.    An award of pre-judgment and post-judgment interest, as provided by law;

n.     Leave to amend the Complaint to conform to the evidence produced at trial; and

o.     Such other relief as may be appropriate under the circumstances.

Dated:  April 24, 2019                    GREENSTONE LAW APC

                                          By:  *s/ Mark S. Greenstone*
                                          Mark S. Greenstone
                                          1925 Century Park East, Suite 2100
                                          Los Angeles, California 90067
                                          Telephone:  (310) 201-9156
                                          Facsimile:  (310) 201-9160
                                          E-mail: mgreenstone@greenstonelaw.com


                                          GLANCY PRONGAY & MURRAY LLP
                                          Lionel Z. Glancy
                                          Marc L. Godino
                                          Danielle L. Manning
                                          1925 Century Park East, Suite 2100
                                          Los Angeles, California 90067
                                          Telephone: (310) 201-9150
                                          Facsimile:  (310) 201-9160
                                          E-mail: info@glancylaw.com

                                          *Attorneys for Plaintiff*